legal effect is not to make the will void, but to establish it in probate as it stood before the change was made." "Alterations made in a will by a stranger after its due execution, and without the testator's knowledge or sanction, do not affect the validity of the testament in other respects." "If there is no sufficient attestation of the will as altered, the alteration cannot take effect, but the will stands as before." I conclude, therefore, that the will must be admitted to probate, and recorded, as it was before the alterations and obliterations before mentioned were made; and a decree may be entered in accordance with this opinion on two days' notice.

---

### *In re* UNDERHILL'S ESTATE.

#### (*Surrogate's Court, Westchester County.* March, 1890.)

**1. LEGACY TAX—BEQUEST TO EXECUTOR.**
 A bequest to an executor of a certain sum, "over and above his legal commissions and expenses," is not within the purview of Laws 1887, c. 713, § 3, (2 Rev. St., 8th Ed., p. 1088,) providing that, when a bequest is made to an executor "in lieu" of commissions, the excess of such devise, above a reasonable compensation for his services, is subject to collateral inheritance tax.

**2. SAME—VALUE OF BEQUEST.**
 A bequest of $500, payable a year or more after the date of the letters testamentary, is not of the cash value of $500, and is not subject to the legacy tax, under Laws 1887, c. 713, § 1, (2 Rev. St., 8th Ed., p. 1088,) exempting any legacy, "the clear market value" of which is less than $500.

**3. SAME—EXEMPTIONS—ALMSHOUSE.**
 An institution for the blind, which does not receive pay from patients under any circumstance, is an almshouse, within 2 Rev. St. (8th Ed.) p. 1083, § 4, subd. 4, which provides that the personal property of "every poorhouse, almshouse, and house of industry" shall be exempt from taxation, and a bequest to it is not subject to the legacy tax law.

**4. SAME—CREDITOR OF DECEDENT.**
 Where a bequest of more than $500 is made to a creditor on condition that he accepts it in full of all unsettled accounts and claims against testator, it is not subject to the collateral inheritance tax, when it appears that such accounts exceed the sum bequeathed.

Proceeding for the appraisement of the estate of Edward B. Underhill, deceased, to fix the value of certain legacies, including one of $500 to the New York Institution for the Blind, and determine whether they are subject to the collateral inheritance tax, under Laws 1887, c. 713, (2 Rev. St., 8th Ed., p. 1088,) which provides as follows: "Section 1. After the passage of this act, all property which shall pass by will * * * from any person who may die seised or possessed of the same, while a resident of this state, * * * to any person or persons, or to any body politic or corporate," other than to certain specified relatives of decedent, or the "institutions now exempted by law from taxation, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy, to any such property, or to the income thereof, shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property, * * * provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax." "Sec. 3. Whenever a decedent appoints or names one or more executors or trustees, and makes a bequest or devise of property to them in lieu of their commissions or allowances, which otherwise would be liable to said tax, * * * and said bequest * * * exceed what would be a reasonable compensation for their services, such excess shall be liable to said tax. * * *"

*R. H. Underhill,* for the executors. *Platt & Bowers,* for New York Institution for the Blind.

COFFIN, S. There were three executors named in the will, all of whom qualified. To each of those who should qualify and act the testator bequeathed

$500, over and above his legal commissions and expenses, one half of which sum was made payable one year after he should have qualified as such, and the other half on the final accounting, which could not, by reason of the provisions of the will, occur in less than 7 years.  Section 3 of the act provides for a case where a bequest is made in lieu of commissions; but these bequests are given in addition to them, and are not, therefore, within the purview of that section.  As the sum is only $500 to each, and is not made payable immediately, but such payment is postponed, as stated, the present cash value is less than $500, and thus all are exempt from the tax.

The bequests of $500 each to the several charitable institutions are also exempt, because payable at the end of a year from the date of the letters testamentary, and the cash value, therefore, is less than $500, as recently held by me in *Re Peck*, 9 N. Y. Supp. 465.  The legacy to the institution for the blind is claimed to be also exempt, on the ground that it does not receive pay from patients under any circumstances.  This is alleged on its behalf, and is not controverted.  Hence it is exempt as an almshouse, under subdivision 4, § 4, tit. 1, c. 13, pt. 1, Rev. St.,[1] (volume 2, 8th Ed., p. 1083.)

The testator bequeathed to Henry C. Kear, his foreman, who had for many years managed several large farms of his, the sum of $4,000, payable as soon as might be after testator's decease, upon condition that he should accept the same in full of all unsettled accounts and claims against him, other than the amount of any note or notes he might hold.  It was made to appear that the amount of Kear's claim for services was, exclusive of any such notes, somewhat in excess of the sum bequeathed, but that he was willing to accept the legacy in full.  Had no bequest been made in this form, but Kear's claim had been left in the class of "all my just debts," which a testator usually directs his executors to pay, it would certainly have been exempt from taxation.  If he had simply bequeathed $4,000 without the mention of any claim, then it would have been taxable.  Where a testator chooses to provide, in the form of a bequest, for the payment of a just debt, with a view, possibly, of obviating any question in the minds of his executors as to its amount or validity, he could do so with great propriety; but by doing it he could not clothe it with the character of a gift.  Under the circumstances it will readily be seen that, by this provision of the will, no property is "transferred by deed, grant, sale, or gift," as contemplated by the first section of this act, to Kear.  He simply designates the mode of payment of a debt.  It is accordingly held to be exempt from taxation under the act.