(10 Misc. Rep. 642.)

## In re SKILLMAN'S ESTATE.

### (Surrogate's Court, Westchester County.  December, 1894.)

INHERITANCE TAX—EXEMPTIONS—AMOUNT OF LEGACY.

Laws 1892, c. 399, § 2, exempts from the transfer tax bequests to children, etc., of personal property amounting to less than $10,000.  Section 22 provides that the word "property," as used in the act, shall be taken to mean the property or interest therein of testator, and not the property or interest transferred to individual legatees. *Held,* that where the distributive shares of children in the estate of their deceased father are less than $10,000 each, they are not taxable, though in the aggregate they exceed $10,000.

Accounting by Archibald A. Skillman, administrator of Edward Skillman, deceased.

M. J. A. McCaffery, for the administrator.
John Hoag, county treasurer, in pro. per.

COFFIN, S.    The late decision of the court of appeals in Re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311, confronts me in this case.    If it is to be followed, then the distributive shares of these sons, although less than $10,000 each, should be decreed to be subject to a tax of 1 per cent.    It is abundantly shown in the opinion in that case that it was the settled doctrine of that court that the tax is one upon the right of succession, levied upon successors in respect to the estates to which they succeeded, and not upon the decedent's estate as such, upon which, in the aggregate, no tax was imposed.    The case hinged upon the construction of section 22, c. 399, Laws 1892, which provides that "the words 'estate' and 'property,' as used in this act, shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor or vendor, passing or transferred to those not herein specifically exempted from the provisions of this act, and not as the property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, donees or vendees," etc.    The learned judge proceeds to say:

"We must look for some place in the act where the word 'property' is used by itself, and, to some extent, ambiguously, and therefore needs the help of a definition.  We find such a possible place in section 2, where the phrase is, 'unless it is personal property of the value of ten thousand dollars or more.' That may mean the aggregate value of all the property transferred to taxable persons, or the separate value of each several transfer.  We had said that it meant the latter, but now comes the legislature declaring that the word 'property' shall mean what property passes to those not exempted, and not what passes to individual transferees.  While the prohibition cannot apply to the general theory of the tax, it can apply to this description of a specific limitation.  We had said that it related to the property of individual

transferees, but that construction section 22 was intended to forbid and to prevent. If it does not mean that, I am unable to perceive any office it can perform or any purpose it can subserve."

It may seem presumptuous for this court to present a solution, other than the above, of the difficulty encountered by the able jurist who delivered the opinion, but it may, with hesitation, be attempted, and is this:   It had been held by this court in Re Peck (Surr.) 9 N. Y. Supp. 465, and in Re Underhill's Estate (Surr.) 20 N. Y. Supp. 134, that the fair market value of each several transfer to legatees, to be fixed by the appraiser, was not the amount given, but the amount, less the interest to the time when it became payable to the legatee or transferee, and hence that a legacy of $500 to a collateral was not subject to the tax.    Interest was, in like manner, deducted from taxable legacies.    This practice was thereafter followed in this and some other like courts, except that of New York (In re Bird's Estate [Surr.] 11 N. Y. Supp. 895), until the enactment of the section in question, which rendered it necessary to tax them as of the value they possessed in the hands of the testator, and not of their value when reaching the hands of the legatees, etc.    These cases must have been known to the person or committee who prepared the act of 1892, and section 22 was inserted, presumably, in order to settle the question effectually: and that, it strikes me, was the only object of that section in this regard.    If we are to follow the decision in the Case of Hoffman's Estate, where the interest of the mother was less than $10,000, and was held to be taxable at 1 per cent. because all of the interests transferred exceeded that sum, then if a legacy of $5,000 be given to a widow, $2,500 to a son, $2,500 to a daughter, and $2,000 to a niece, all are alike subject to a tax, the sums given to the widow and children at 1 per cent., and to the niece at 5 per cent.

Now, by section 22, the property or interest therein referred to relates only to such as is not specifically exempted from the provisions of the act; and section 2 expressly provides that transfers by will or intestate law to the widow or any child, etc., shall not be subject to any tax where the personal property so transferred is less than $10,000 in value, and, if more than that, it shall be subject to a tax of 1 per cent.    The words, "of any father, mother, husband, wife, child," etc., are to be taken distributively, so that $50,000 in legacies may be bequeathed to them in sums less than $10,000 each, and thus they shall be exempt from taxation.    If this be so, then it seems to me that the doctrine laid down in Re Hoffman's Estate is subversive of the provisions of the act itself, pro tanto.    It, doubtless, will be considered in a high degree presumptuous also for a court, so very inferior as this, to even question, much more to have the assurance to disregard, the dictum of the most exalted tribunal in the state; but it is believed that, if the reason above assigned for the enactment of the section in question had been brought to the attention of that court, the result might have been different.    It says, in the opinion:   "We had said it [the former act] related to the property of individual transferees, but that construction section 22 was intended to prevent.    If it does not mean

that, I am unable to perceive any office it can perform, or any useful purpose it can subserve." Without the necessity there of groping for a hidden and doubtful meaning and purpose, it is here attempted to be shown that the meaning is clear, and the purpose to be subserved was the imposition of the tax upon the value of the legacy, etc., in the hands of the testator or intestate, and not its value to the legatee or distributee, shorn of interest until payable. The situation is very embarrassing; nevertheless I must declare my conviction that the distributive shares of these sons are not subject to the tax. Ordered accordingly.