(1 App. Div. 568.)

In re LIVINGSTON'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

TRANSFER TAX—PROPERTY SUBJECT.

Where testator devises the residue of his estate, both real and personal, to his children, and empowers his executors, in their discretion, to pay mortgages on the real estate out of the personalty, the amount of the personalty subject to the transfer tax is not affected by the executors making such payment.

Appeal from surrogate's court, New York county.

Proceeding to appraise the property of Eugene A. Livingston, deceased, under the transfer tax act. From an order of the surrogate affirming an appraisement and determination of a transfer tax, the executor appeals. Affirmed.

Appeal by the executor of the estate of Eugene A. Livingston, deceased, from an order of the surrogate's court of New York county entered the 8th day of January, 1896, affirming an order of said court entered the 19th day of November, 1894. The testator, a resident of this state, left a will, by the third clause of which he gives and devises all the rest and residue of his property, both real and personal, remaining after the payment of certain legacies contained in prior clauses, to his executors, upon certain trusts, for the benefit of four of his children. By the fourth clause, after the termination of these trusts, he devises and bequeaths all of said property to such of his five children as shall be living, and to the issue of such as shall be dead. In a later part of the will he empowers his executors, "in their discretion," to pay certain mortgages upon the real property out of the personalty. This the executors did, the payment amounting to $52,297.96. The order appealed from, in assessing the transfer tax upon the residuary personal estate, makes no deduction for this payment, but assesses the tax upon the whole of said estate, of $67,283.40.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

David B. Ogden, for appellant.

Emmet R. Olcott, for respondent.

BARRETT, J. The learned surrogate, in declining to reduce the personal estate as demanded by the appellant, acted upon the principle that the mortgage debt was, under the Revised Statutes, properly payable by the heir or devisee. Rev. St. pt. 2, c. 1, tit. 5, § 4. The appellant insists that the statute is inapplicable to cases where the same persons take the realty and personalty as a blended fund. The contrary seems to us to be the correct view. Indeed, we think the statute is doubly applicable to such a case. Even the common-law rule would scarcely, under such circumstances, affect the statutory liability. Whether treated under the common-law rule, or under the statute, the practical question is, shall the heir or devisee satisfy the

mortgage, or shall that burden be borne by others interested in the personalty? No such question can arise when the real and personal property are in the same hands. If the legatee chooses to apply his personalty to the satisfaction of the mortgage, he benefits his real estate pro tanto. He neither gains nor loses by its application or nonapplication. The payment of the mortgage would amount, substantially, to an investment of the personalty in the real estate. In Hepburn v. Hepburn, 2 Bradf. (Surr.) 75, the provisions of the will were somewhat similar to those in the case at bar. There the executrix had paid interest upon mortgages out of the principal of the estate. Surrogate Bradford, after referring to the statutory rule that real estate must bear its own burdens, and that the personal estate cannot be resorted to for the purpose of discharging bonds and mortgages, said:

"But here the testator has thrown his whole property into one fund, and designed that his wife and son should receive the entire income for life. There is no strife between the two classes of property. The same parties are interested in both equally. The testator's intention would be answered by the payment of a mortgage on the real estate, if it were a good investment, or necessary for the preservation of the property, instead of an investment on bond and mortgage elsewhere."

In the present case the executor was clothed with power, in his discretion, to apply the personalty in satisfaction of the mortgages; in other words, discretion to satisfy them as the statute declares they shall be satisfied, namely, out of the property of the devisee. It is immaterial whether that property came under the will, or was independent of it. The exercise of the power was, in effect, the same as though the two estates had been given directly to the objects of the testator's bounty, and they, at their pleasure, had utilized one of such estates for the relief of the other. This exercise of power was not in the least analogous to that referred to in Re James, 144 N. Y. 6, 38 N. E. 961. There the executor exercised his discretion to pay legacies out of property in Great Britain. The court held that he had the right to do so, and that as the testator was domiciled in Great Britain, and as the property was out of our jurisdiction, the legacies could not be taxed here. The legacies were not necessarily payable out of the property within our jurisdiction. The executor acted within the scope of his authority, in paying them out of nontaxable property; and the legatees were absolved because, under the will, they neither received taxable property, nor derived any benefit therefrom. In the present case the testator was domiciled here, and the estate is here. The tax was imposed by the statute upon the "transfer" of the property. Laws 1892, c. 399, § 3. That transfer was effected by the death of the testator, and the tax became due and payable immediately. The subsequent act of the executor had no greater effect to reduce the taxable personalty than would the taking of the money by the beneficiary out of one pocket and putting it into the other. The order of the surrogate should be affirmed, with costs.

All concur.