(21 App. Div. 381.)

## DE GRAAF et al. v. COCHRANE et al.

(Supreme Court, Appellate Division, First Department. October 8, 1897.)

WILLS—CONSTRUCTION—LIENS ON PROPERTY DEVISED.

Testator died seised of a large amount of real estate, and leaving a will by which he devised to his wife a specified parcel of land, and directed that it be "freed and discharged by my said executrix and executors, as soon as may be after my decease, of and from any and every claim and lien whatsoever existing thereon at the time of my decease." At the time of executing the will, and at his death, there was a mortgage of $50,000 on said parcel. By subsequent clauses, he gave her certain personal property, and the devise and bequests were declared to be in lieu of dower. After the will was executed, and before his death, he caused said premises to be conveyed to her by warranty deeds, subject to the lien of said mortgage. Thereafter she continued to be the owner thereof, subject to said lien. Testator was not a party to the mortgage, and not personally liable thereon. *Held*, that testator's intention that his wife should have said bequests and said premises, free from all incumbrance, in lieu of dower, required that the executors should pay the amount of the mortgage.

Appeal from judgment on report of referee.

Application by Amanda M. De Graaf and others, executors of the will of Henry P. De Graaf, deceased, against Elizabeth M. Cochrane and others. From a judgment entered on a report of a referee, defendants Florence L. De Graaf and others appeal. Affirmed.

Henry P. De Graaf died seised of a large amount of real estate, leaving a last will and testament. By the second clause of his will, he devised to his wife, Amanda, a parcel of land on the southwest corner of 5th avenue and 125th street, and directed that "said tract or parcel of land be freed and discharged by my said executrix and executors, as soon as may be after my decease, of and from any and every claim and lien whatsoever existing thereon at the time of my decease." At the time the will was executed, and at the testator's death, there existed a mortgage for $50,000 on said parcel. By the third and fourth clauses of the will, he gave to his wife certain household furniture, some cash, and other personal property; and, by the fifth clause, the foregoing devise and bequests were declared to be in lieu of dower. After the execution of the will, and before the testator's death, he caused the premises devised to his wife to be conveyed to her by warranty deeds, subject to the lien of the $50,000 mortgage. At the time of his death, the wife was, and still is, the owner of these premises, subject to the lien of the mortgage. The testator was not a party to this mortgage, and not personally liable thereon. The executors have refused to pay the mortgage of $50,000, because of their doubts as to their right to do so; and, until the question as to the amount the widow is to receive under the will has been determined, she has declined to make an election between the provisions of the will and her dower rights as widow. The issues were sent to a referee to hear and determine, and by his report and decision the executors are directed to pay the mortgage of $50,000. This decision having been affirmed by the special term, from the judgment and decree entered accordingly this appeal is taken.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Hugo H. Ritterbusch, for appellants.

Thomas P. Wickes, for respondents Amanda M. De Graaf and others.

James M. Fisk, for respondents Elizabeth M. Cochrane and others.

O'BRIEN, J. The single question presented is as to whether the conveyance of the property in question during the lifetime of the

testator, and after the making of the will, relieves his estate from the payment of the $50,000 mortgage on the property specifically devised by his will to his wife. It is beyond question that what the testator intended to give her in lieu of dower, in addition to the personal property, was this real property, free and clear of all liens. To make the assurance doubly sure that she would have it after his death, he conveyed it to her during life. By such conveyance during life, which secured to her this real estate beyond peradventure, it cannot be assumed that the testator cut down or lessened the provision which, by will, he intended for his wife. Concluding, therefore, as we must, that so much of the will as relates to the devise of the property is no longer operative, because the testator has in that regard executed his own will, there still remains the provision and direction that out of his estate there should be paid all liens upon that property; and there is no dispute as to what those liens were at the time of the making of the will, and when the property was conveyed to the wife, and at the testator's death. It seems to be reasonably free from doubt, if we are to carry out what was the clearly expressed intention of the testator, that his wife was to get certain personal property and this real estate, free from all incumbrance, in lieu of dower; and, to effectuate that, it is necessary that the executors should pay that amount. and thus carry out the testator's intention.

I think the decision of the referee was right, and the judgment appealed from should be affirmed, with costs. All concur.