be excited thereby. The question need not now be discussed by us, nor are we called upon to express any opinion thereon, as it is not essential to a determination of this case.

The judgment should be affirmed, with costs. All concur.

---

In re OFFERMAN'S ESTATE.

(Supreme Court, Appellate Division, Second Department. January 11, 1898.)

1. TRANSFER TAX—ASSESSMENT.
   In making an appraisal and assessment, under the transfer tax, upon the estate of a testator who died April 28, 1896, the tax is to be imposed upon the property in the form in which it stood when he died.
2. SAME.
   The amount directed by the terms of his will to be used in paying off existing mortgages upon his real property should be treated as personal property.

Appeal from surrogate's court, Kings county.

In the matter of the appraisement, under the transfer tax acts, ot the property of Henry Offerman. From the decree, the legatees and devisees appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles H. Otis, for appellants.

Robert B. Bach, for respondent.

GOODRICH, P. J. Henry Offerman died April 28, 1896, leaving a last will, which was admitted to probate on May 8, 1896. The will made a number of specific bequests, and devised and bequeathed all the rest of the estate, real and personal, to his five children, share and share alike. The fourth clause of the will reads as follows:

"I hereby direct my executors, hereinafter named, as soon as practicable after my decease, out of my personal estate, to pay off, and procure to be canceled, satisfied, and discharged of record, any and all mortgages which shall be a lien upon the real property of which I shall be seised at the time of my decease, or upon any part thereof."

An appraiser was appointed by the surrogate, and the estate was appraised and assessed as follows:

| | | |
|---|---:|---:|
| Total value of personal estate | | $1,533,181 60 |
| Less debts | $421,740 27 | |
| Mortgages payable on real estate | 108,000 00 | |
| | | 529,740 27 |
| | | $1,003,441 33 |

The surrogate made an order confirming the report, and assessing the amount of the transfer tax upon the last-named sum, thus assessing no tax on the amount of the mortgages; and from this order the county treasurer applied to the surrogate, who ordered the matter of the appraisal to be remitted to the appraiser to amend his report, by taxing the $108,000 of mortgages. This being done, the surrogate entered a decree confirming the report, and from this decree the legatees and devisees appeal.

This court had occasion to pass upon a similar question in Re Sutton's Estate, 3 App. Div. 208, 38 N. Y. Supp. 277, and held that the transfer tax should be imposed upon the property in the form in which it stood when the testator died; and this was in accord with the decision of the appellate division in the first department in Re Livingston, 1 App. Div. 568, 37 N. Y. Supp. 463.

The decree must be affirmed, with costs.     All concur.

---

MULREIN v. SMILLIE et al.

(Supreme Court, Appellate Division, Second Department.     January 11, 1898.)

TRUSTS—REPAIRS TO TRUST PROPERTY—LIABILITY OF ESTATE.
    In an action to charge upon a trust estate the expense of repairs made by plaintiff upon the trust property under a contract with the trustees, who hold under a will making no provision for repairs, the omission to allege in the complaint an agreement between the parties that the expense in question should be a charge on the estate constituted a fatal defect.

Appeal from special term, Dutchess county.

Action by James Mulrein against Charles F. Smillie and James D. Smillie, as executors and trustees under the last will of James Smillie, deceased. From an interlocutory judgment overruling a demurrer to the complaint, which demurrer was based on the ground that it did not sustain a cause of action, defendants appeal.     Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

John A. Garver, for appellants.
K. J. Lawler, for respondent.

WILLARD BARTLETT, J.     The complaint alleges that James Smillie in his lifetime was the owner of a certain house and lot, known as "No. 25 Garfield Place," in the city of Poughkeepsie; that the said James Smillie died in 1885, leaving a last will and testament, in which the defendants were named as executors and trustees; that such will was duly admitted to probate, and the defendants duly qualified as executors and trustees, and have continued to act as such down to the present time; that between July 12, 1895, and March 3, 1896, the plaintiff, at the request of the defendants, rendered services to them, as executors and trustees as aforesaid, "in constructing and preparing the plumbing on the property at No. 25 Garfield Place, in the city of Poughkeepsie, held by said defendants as executors and trustees under the last will and testament of said James Smillie, deceased," and furnished materials therefor, for which said defendants agreed to pay; that the fair value of such services and materials is $371.08; and that the plaintiff has demanded from the defendants payment of said sum, but no part thereof has been paid.     A copy of the will of James Smillie is attached to the complaint, and made a part thereof.     By the first article the testator devises and bequeaths all his estate to his executors in trust for the uses and purposes subsequently mentioned in the will.     By the second article he orders and directs that the said