(Surrogate's Court, Westchester County. June, 1898.)

1. TRANSFER TAX—LEGACIES SUBJECT—INCUMBRANCES ON REALTY.
   Where testator directed that incumbrances on realty devised to his wife should be paid out of the personalty, the amount so used should be treated as personalty subject to the transfer tax.

2. SAME—LEGACIES IN LIEU OF DOWER.
   The transfer tax cannot be avoided by a legacy of money to testator's wife in consideration of her releasing dower.

3. SAME—LEGACIES TO DESCENDANTS—GROSS AMOUNT.
   Bequests to lineal descendants of less amounts than $10,000 each, but exceeding that amount in the aggregate, are taxable under the transfer tax law.

4. SAME—PENALTY—REMITMENT—PRACTICE.
   A decree assessing taxes on legacies does not concern itself with the amount of interest or penalty, and an application to remit a penalty can be made to the court only on motion, and a showing of grounds therefor.

In the matter of the estate of Henry P. De Graaf, deceased, an appeal was taken from a decree taxing legacies. Affirmed.

Hatch & Wicks, for appellants.

Joseph W. Middlebrook, for respondents state comptroller and county treasurer.

SILKMAN, S. This is an appeal from the decree assessing the taxes upon the legacies given by the will of Henry P. De Graaf under the transfer tax law. Henry P. De Graaf died July 11, 1896, leaving a will in and by which he bequeathed to his wife the sum of $10,000, and also devised to her the house and lot situated on 5th avenue and 125th street, in the city of New York. In reference to said devise he provided that:

"Said tract or parcel of land to be freed and discharged by my said executrix and executor, as soon as may be after my decease, of and from any and every claim and lien whatsoever existing thereon at the time of my said decease."

He also bequeathed to his wife certain household furniture which was not in his possession at the time of his death. He provided that the gifts to his wife should be in lieu and bar of dower, in the following language:

"I expressly declare the foregoing devise and bequest to my said wife to be, with the provisions already made for her, in lieu and full satisfaction of all dower, and of any and every claim, interest, and demand whatsoever, as my widow, in and to my estate, real or personal."

Subsequent to making his will he conveyed to his wife the real estate which by his will he had devised to her, and it is not disputed that she took the real estate under the deed. It appears that the liens upon this property amounted to $52,290.78, which were paid and discharged by the executors after a suit in the supreme court, First department, to construe the will, and in which case it was determined that the conveyance of the property did not affect the direction to pay the liens thereon. See De Graaf v. Cochrane, 21 App. Div. 381, 47 N. Y. Supp. 502. The mortgages upon the property were not the mortgages of the testator, he having bought the property subject there-

to only. The decree herein has fixed a tax upon the legacy of $10,000, and also upon the amount of incumbrances upon the real estate which have been paid by the executors. After the decision of the suit to construe the will, the widow accepted the provisions thereof in lieu and bar of dower.

The point made by the appellants, that the incumbrances upon the real estate, which the executors were directed to pay, were debts or obligations of the estate, and are therefore, by law, exempted in arriving at the value of the succession, would seem to have been settled, so far as this court is concerned, by the decisions (In re Livingston, 1 App. Div. 568, 37 N. Y. Supp. 463; In re Berry, 23 Misc. Rep. 230, 51 N. Y. Supp. 1132; In re Offerman, 25 App. Div. 94, 48 N. Y. Supp. 993), contrary to appellants' contention.

The further point, that the testator created an obligation on the part of his estate as a consideration for the release of the dower right of his wife, does not seem to be supported either upon principle or authority. The real estate of the testator, passing to his wife or passing to his children, would not be taxable, while, if he left an estate of $10,000 of personalty, all such persons who succeeded to his personalty would be subject to a tax of 1 per cent. or 5 per cent., where the personalty was over $500, to be determined by the degree of relationship. If the construction of the appellants was correct, a dower right, which is an interest in real estate not subject to a tax or to the testator's disposition, could be discharged of the personal property, and thus the state would lose the benefit of the tax. If such a proposition were sound, it would be an easy way for testators to obviate the taxes upon gifts of personal property to their wives by simply making the gift as a consideration for a release of dower in the real estate.

The second ground of appeal is that the interests of Elizabeth M. Cochrane, Henry D. Cochrane, Henry P. De Graaf, Amanda M. Woodman, Florence L. De Graaf, Leland De Graaf, and Rebecca E. De Graaf each received less than $10,000 of personalty, and, being lineal descendants of the testator, their succession is not taxable; and as authority In re Skillman, 10 Misc. Rep. 642, 32 N. Y. Supp. 780, is cited. It is sufficient to say that the case cited has never been authority on the subject, as it is in conflict with the doctrine laid down in Re Hoffman, 143 N. Y. 327, 38 N. E. 311.

The third ground of appeal is that the appraiser should have expressly directed a release of penalty. This ground of appeal must also be overruled. An application to remit penalty can only be made to the court upon motion, and is not to be the subject of an appeal from the decree fixing the tax. The decree does not concern itself with the amount of interest or penalty. If the penalty is to be remitted, a special application, showing grounds therefor within the statute, must be made to the surrogate. The decree must be affirmed, with costs.

Decree affirmed, with costs.