(74 App. Div. 76.)

## In re MARESI'S ESTATE.

## MARESI et al. v. STATE COMPTROLLER.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

1. TAXATION—TRANSFERS—ANNUITIES—VALUE.

By testator's will a trust in the residuary personal estate is limited on the life of his widow, 49 years of age, subject to certain annuities to be paid to his brother and sister, aged 66 and 58 years, respectively, during their lives. The Tax Law (Laws 1896, c. 908) § 230, as amended by Laws 1901, c. 173, provides that, when any property shall be transferred subject to any charge determinable by the death of any person, the increase of benefit accruing to any person on the determination of such charge shall be deemed a transfer of property taxable in the same manner as though the person entitled thereto had then acquired such increase or benefit. *Held*, that the value of the bequest to the widow for purposes of transfer taxation should be ascertained by deducting the present value of such annuities from the total value of such residuary estate, and not by deducting a sum the interest of which at 5 per cent. would pay such annuities.

2. SAME—PERSONAL ESTATE—RESIDUARY BEQUEST—MORTGAGE ON REAL ESTATE.

In computing the value, for purposes of transfer taxation, of a residuary bequest of personal property, the principal and accrued interest of a bond not due, given by the testator, and secured by mortgage on his real estate, should not be deducted.

3. SAME—TAXES SUBSEQUENTLY ASSESSED.

Where testator died before the assessment of taxes on his property, the taxes thereafter assessed for that year should not be deducted from the value of his residuary personal estate in determining the value for transfer tax of a bequest of such residue.

4. SAME—ACTION TO CONSTRUE WILL—EXPENSE.

Where an action to construe a will is instituted in good faith, and justified by the result, the expense of such action to the estate should be deducted from the amount of the residuary personal estate in determining the transfer tax on a bequest of such residue.

Appeal from surrogate's court, Kings county.

Proceeding for the assessment of a transfer tax on the estate of Pompeo Maresi, deceased. From a part of a decree remitting the proceedings to an appraiser to ascertain the amount of the tax, and affirming such appraiser's report in part, Giovanna P. Maresi and others, executors of the will of Pompeo Maresi, appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William A. W. Stewart (George L. Shearer, on the brief), for appellants.

H. Louis Jacobson, for respondent.

HIRSCHBERG, J. The testator, Pompeo Maresi, died on the 30th day of January, 1900, possessed of considerable real and personal property. This appeal is taken in order to review the decision of the surrogate of Kings county rendered in transfer tax proceedings, and the appellants assign several grounds of alleged error. In an action heretofore brought by the executors to procure a judicial construction of the will it was determined that certain provisions were invalid, but it is sufficient for the purpose of this appeal to note that a valid

trust in the residuary personal estate is limited on the life of the testator's widow, Giovanna P. Maresi, subject to an annuity of $200 a year, to be paid to his sister, Adelaide Borlinghi, for life, and to the payment of $1.25 a day and certain house rent to and for his brother, Francesco Maresi, for life. The appellants claim that the present value of the widow's life estate was incorrectly measured. The net residuary personal estate, as ascertained on the appraisal, amounts to $103,358.19. The widow is 49 years of age, and Adelaide Borlinghi and Francesco Maresi are 58 years and 66 years of age, respectively. In the requisition made by the learned surrogate upon the state superintendent of insurance to ascertain the present values of the life interests in accordance with the requirements of section 230 of the tax law (chapter 908, Laws 1896, as amended), the determination of the superintendent was requested upon each of the annuities separately, and upon so much of the $103,358.19 as would remain after deducting therefrom the present values of the annuities as thus ascertained, such remainder to represent the amount on which the present value of the widow's life estate should be computed. The appellants contend that, instead of deducting the taxable values of the annuities from the $103,358.19, there should have been deducted the actual amount of principal necessary to produce the annuities at the rate of 5 per cent. per annum. I think this contention unwarranted by the provisions of section 230 of the tax law, supra, and that the method adopted was substantially correct. The present values of the annuities were treated, for the purposes of taxation, as specific legacies bequeathed to the annuitants, and deducted from the residuary personal estate, on the theory that the widow's life interest is limited on the remainder only. In effect, her interest is ascertained to be the present value of a life estate in the entire fund, less the present values of the annuities which are charged upon such fund, and this is deemed to be within the meaning and intent of the law. It may be true, as stated by the learned counsel for the appellants, that by the method adopted in the court below it is assumed that the widow will receive from now until her death the income on the balance of the fund after deducting only the present values of the annuities, when in fact she will not receive the income on so much of the fund as may be necessary to produce such annuities until the annuitants shall die respectively; but I think that under the terms of the statute the widow's prospective interest in the difference is not only presently taxable, but taxable as though presently received. This result is deduced from that portion of section 230, supra, as amended by chapter 173 of the Laws of 1901, which provides that:

"Where any property shall, after the passage of this act, be transferred subject to any charge, estate or interest, determinable by the death of any person, or at any period ascertainable only by reference to death, the increase of benefit accruing to any person or corporation upon the extinction or determination of such charge, estate or interest shall be deemed a transfer of property taxable under the provisions of this act in the same manner as though the person or corporation beneficially entitled thereto had then acquired such increase or benefit from the person from whom the title to their respective estates or interests is derived."

The appellants further contend that the principal of a bond of $50,000, not due at the death of the deceased, and the interest thereon

then accrued, but not yet due, and which bond was given by the deceased, and was secured by mortgage upon real estate owned by him, should have been deducted from the amount of the personal estate before estimating the taxable value of the bequests. The contrary view would seem to accord with the adjudications. In re Livingston, 1 App. Div. 568, 37 N. Y. Supp. 463; In re Sutton's Estate, 3 App. Div. 208, 38 N. Y. Supp. 277; In re Offerman's Estate, 25 App. Div. 94, 48 N. Y. Supp. 993; In re Murphy, 32 App. Div. 627, 53 N. Y. Supp. 1110, affirmed 157 N. Y. 679, 51 N. E. 1092.

So, too, the taxes for the year 1900 were not deductible. It is true that in Re Babcock, 115 N. Y. 450, 22 N. E. 263, Chief Judge Ruger said (page 458, 115 N. Y., and page 265, 22 N. E.) "that assessments so far completed that the name of the person named as owner cannot be changed or altered by the assessment officers before the death of such person shall be payable from his estate in due course of administration"; and this case is cited by the appellants as authority for the proposition that the taxes for the year 1900, on the second Monday of January, under section 892 of the charter of Greater New York (chapter 378, Laws 1897), on the completion of the assessment books and their opening for public examination and correction, became not merely a charge against the testator's real estate, but a debt of the decedent, to be deducted from the personal estate for the purposes of this proceeding. In that case the doctrine laid down by Grover, J., in Rundell v. Lakey, 40 N. Y. 513, 517, was cited with approval to the effect that the time when the owners of real estate became liable for taxes "was the time of the completion and delivery of the roll, although the amount of the tax was not ascertained and fixed for some two months afterwards, yet the foundation of the liability was complete." The first case cited presented a question as between life tenants and remainder-men, the second case was one as between grantors and grantees. In the latter class of cases this court held in Burr v. Palmer, 53 App. Div. 358, 65 N. Y. Supp. 1056, that a tax in the Greater City of New York becomes a lien only when it has been completed and carried out on the assessment roll; and I am unable to see how, if a bond of the deceased of fixed amount, but not due, cannot be regarded as a debt within the provisions of the tax law, a tax neither assessed nor a lien nor payable can be so regarded.

The learned surrogate refused to allow a deduction for the costs and expenses of the action to construe the will, viz., $3,470.98. This determination was based on the case of In re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315, wherein the court of appeals held that the costs and expenses incurred by the heirs at law and next of kin in a successful contest attacking the validity of the will could not be deducted from the taxable value of the estate. The court said (page 102, 152 N. Y., and page 317, 46 N. E.):

"The fact that the appellants were put to expense in asserting their rights, and were embroiled in expensive litigation to obtain them, was their misfortune. It did not diminish the value of the interests which devolved upon them on Westurn's death. It was a loss, but a loss to their general estate. It did not prevent them receiving the whole interest transmitted to them.

The fact that the court charged certain costs and allowances in their favor upon the estate did not change the situation. It was practically a charge upon their own property for the benefit of their attorneys."

Since the decision of the learned surrogate in the case at bar, the court of appeals has held, however, in the case of In re Gihon's Estate, 169 N. Y. 443, 62 N. E. 561, that the commissions and disbursements of a temporary administrator appointed in proceedings to contest a will are properly deductible on the ground that they are an expense of administration, and as such are chargeable to the estate, and not to the legatees or devisees. The court said, per Cullen, J. (page 445, 169 N. Y., and page 561, 62 N. E.):

"The transfer tax imposed by the laws of this state is a tax, not on the property of the estate, but on the succession by the legatee, devisee, next of kin, or heirs at law to the fortune of the deceased. Personal property does not pass directly from the deceased to his legatee or next of kin, but all that such legatee or next of kin takes is what may be coming to him from the estate on its distribution after settlement. The amount represented by the expenditures of the administrator or the expense of administration never passes to the legatee or next of kin, and therefore is not subject to the tax. This was the rule held by this court in Re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315, though the appellant claims that that case is authority for a contrary doctrine. There the will was rejected, and the next of kin sought a deduction of the amount expended by them in the contest. It was held that such a deduction was properly refused on the ground that these were expenditures made by the next of kin personally, and not by the legal representatives of the deceased in the administration of his estate."

While the precise question now under consideration was not decided in Re Gihon's Estate, supra, the deduction there allowed being for the commissions and disbursements of a temporary administrator, and not for the costs and expenses of litigation, the reasoning leads to the conclusion that in this case the costs and expenses of the action instituted by the executors should be deducted from the amount of the personal estate as a necessary expense of administration for the purposes of this proceeding. The action was instituted in good faith, and was fully justified by the result. The expense was a legitimate outlay, incurred not by the legatees, but by the personal representatives of the estate, in order to secure judicial construction of the will, and instruction as to the distribution of the estate; and was in every just sense a proper administrative expenditure of funds which do not pass to the legatees either in fact or in theory. The costs and expenses of the action to construe the will are a direct charge upon the estate of the testator incurred by the executors in the due course of administration, and should therefore be allowed as a deduction. It follows that the decree of the surrogate should be modified as herein suggested, and the proceedings remitted for disposition accordingly.

Decree modified in accordance with the opinion, and, as modified, affirmed, with costs. All concur.