People v. Rector, etc., of Trinity Church, et al., 22 N. Y. 44; Genesee Valley Canal R. R. Co. v. Slaight, 49 Hun, 35, 38, 1 N. Y. Supp. 554; People v. Van Rensselaer, 9 N. Y. 291, 328, 340, et seq.

I think the judgment should be affirmed.

## RING v. WOOLEY.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. WILLS (§ 714*)—TENANTS IN COMMON—MORTGAGE OF WHOLE FOR BENEFIT OF ONE—BOND—DEVISE OF INTEREST.

Where plaintiff, a tenant in common, agreed with C., another tenant, who wished to mortgage his interest, to mortgage the whole property, and C. executed a bond to plaintiff to become void when the mortgage was paid by C., a devise of such interest by C. to the plaintiff which was accepted, the value of such interest exceeding the amount of the mortgage, satisfied the bond.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1698–1703; Dec. Dig. § 714.*]

2. WILLS (§ 836*)—DEVISES OF MORTGAGED PROPERTY—STATUTES.

Under Real Property Law (Consol. Laws 1909, c. 50) § 250, providing that a devisee must discharge any mortgage on the land devised to him unless the will otherwise provides, a direction in a will that "debts and funeral expenses be paid" is not a direction to pay an existing mortgage upon real property devised.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2139, 2140, 2150–2155; Dec. Dig. § 836.*]

Appeal from Trial Term, Erie County.

Action by William G. Ring against Cornelia F. Wooley, executrix of Hannah D. Farwell Ring, deceased. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 153 App. Div. 937, 138 N. Y. Supp. 1139.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

Charles H. Harrington, of Buffalo, for appellant.

Orson J. Weimert, of Buffalo, for respondent.

PER CURIAM. The plaintiff and his brother Charles were owners as tenants in common of certain real property. The defendant's testatrix was the wife of Charles, and had an inchoate right of dower in his undivided one-half. The complaint alleges that she and her husband, Charles, were desirous of mortgaging his half for the purpose of obtaining a loan of $2,500, which moneys were to be used for their sole benefit. Finding it inconvenient to obtain a mortgage for that amount upon an undivided half interest, the plaintiff consented that his half might be included in the mortgage, and he joined with Charles and his wife in the giving of a mortgage, with a bond accompanying the same, upon the whole property for that amount. In consideration of the plaintiff permitting his half of the property to be included in the mortgage and in pursuance of an understanding that such should

be done, the defendant's intestate and Charles some months after the mortgage was given executed a bond to the plaintiff binding themselves in the sum of $5,000, the material parts of which read as follows:

"Whereas said Charles A. Ring, one of the obligors, and William G. Ring, obligee, own certain property * * * and whereas the said William G. Ring joined with said Charles A. Ring in the mortgage and bond to the Buffalo Savings Bank for a loan of $2,500 on the property above mentioned, which mortgage bears date June 21st, 1895, and was executed for the sole benefit of said obligors, and whereas the said obligors have agreed and do hereby agree to and with the said obligee to pay said mortgage and interest in accordance with its terms and conditions: Now therefore, the condition of this obligation is such that if the above bounden Hannah D. F. Ring and Charles A. Ring shall well and truly pay the principal and interest of the said bond and mortgage to the Buffalo Savings Bank aforesaid, in accordance with the terms and conditions thereof, and shall in all respects comply with the terms and conditions of said bond and mortgage, then this bond to be void and of no effect; otherwise to remain in full force and virtue."

[1] After the giving of this bond Charles died, leaving a last will and testament, whereby he bequeathed to this plaintiff the sum of $10,000, and devised to him his undivided half of the premises covered by the mortgage, which then remained, and still remains, unpaid. It is conceded that the plaintiff accepted the devise, and that such one-half interest so devised is of greater value than the amount of the mortgage. Thereafter the wife, Hannah, died, and this action is brought to compel her estate to pay, and discharge the mortgage, according to the conditions of the bond which she executed.

The learned trial court held that the bond was given for the purpose of indemnifying the plaintiff against loss to his one-half interest in the property covered by the mortgage, and that inasmuch as the one-half interest of Charles was of greater value than the amount of the mortgage, and the same had been devised to the plaintiff and accepted by him, no cause of action existed against the defendant.

We agree with this construction of the bond and conclusion as to liability. Taking the allegations of the complaint as true, that the wife Hannah signed the bond accompanying the mortgage, and that the money was raised for her benefit as well as that of her husband, and that hers was the first name appearing upon the bond, still these facts are entitled to little weight in determining what the parties actually intended by their execution of the bond. The property belonged to Charles. The wife had only an inchoate right of dower. Even if Charles desired to raise the money by mortgage for her benefit, he was mortgaging his own property. He had a right to use the money as he saw fit. In order to enable him to place the mortgage, the plaintiff consented that his interest in the property might be included. The only interest of the plaintiff in the transaction was that his half of the property should not be harmed by reason of the mortgage. The manifest object of the bond and its plain purpose was to save the plaintiff's half of the property harmless therefrom. As between the plaintiff and Charles, the mortgage covered only the one-half belonging to Charles. If Charles in his lifetime had paid the mortgage, or had given the plaintiff the money with which to pay it, of course, the un-

dertaking would have been fully satisfied. Instead of doing that, he devised to the plaintiff his one-half interest in the property, and the plaintiff accepted it. Charles thus handed over to the plaintiff the precise property, which as between them was covered by the mortgage, and which was of greater value than the amount of the mortgage, and more than enough to pay it. This satisfied the condition of the bond, and, so far as the defendant is concerned, satisfied the mortgage. The plaintiff's half of the property cannot be harmed by the mortgage because he has received and accepted from Charles the very property which the mortgage covered and of value sufficient to pay it.

[2] Besides, section 250 of the Real Property Law provides that, where real property is devised, the devisee must satisfy and discharge any mortgage thereon, unless there be express direction in the will of the testator that such mortgage be paid from his estate. The only direction in the will of Charles was the ordinary one that debts and funeral expenses be paid. This is not an express direction to pay an existing mortgage upon such real property as should be devised. Rapalye v. Rapalye, 27 Barb. (N. Y.) 610; Heermans v. Robertson, 64 N. Y. 332, 344. The plaintiff, therefore, by accepting the devise became primarily liable to pay and satisfy the mortgage, and defendant's testatrix was thus relieved from her undertaking, for, as between her and him, the mortgage must be considered as fully paid and satisfied.

Our conclusion is that the judgment and order should be affirmed, with costs.