Matter of the Estate of George W. Vanderbilt, Deceased.

(Surrogate's Court, New York County, October, 1918.)

Transfer tax — the amount of a mortgage upon real property without the state cannot be deducted from the personal estate within this state.

Where a decedent who died a resident of the state of New York specifically devised to his wife certain real property in the city of Washington, D. C., it is erroneous in a transfer tax proceeding to allow as a deduction against the personal estate of the decedent in this state the amount of a mortgage which was a lien upon said property at the date of the death of testator.

Appeal from an order fixing and assessing the transfer tax.

Surrogate's Court, New York County, October, 1918.   [Vol. 104.

Anderson & Anderson (Roy C. Gasser, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S.   The decedent died on the 6th day of March, 1914, a resident of the state of New York.

By the 2d clause of his will he specifically devised to his wife, Edith Stuyvesant Vanderbilt, the premises known as No. 1612 K street, N. W., in the city of Washington, District of Columbia.

To secure the payment of notes made by decedent and aggregating the sum of $65,000, he and his wife executed a mortgage or deed of trust on this real estate to the National Savings and Trust Company of the District of Columbia. The mortgage was a lien on the premises at the date of the death of the testator.

The facts above recited developed in the hearings before the appraiser in the transfer tax proceeding.

In his report the appraiser has allowed the $65,000 as a deduction against the personal estate of decedent. The state comptroller takes this appeal from the report and the order assessing the tax on the ground that the deduction was erroneous.

It has been definitely established by the decisions of the courts of this state that in ascertaining the value of the real property within this state for the purpose of the transfer tax the mortgage indebtedness must be deducted from the value of the property transferred. *Matter of Livingston,* 1 App. Div. 568; *Matter of Sutton,* 3 id. 208; *Matter of Offerman,* 25 id. 94.

It appears to be assumed by the executors that the decisions in these cases rested solely on the provision

now embodied in section 250 of the Real Property Law, which is as follows:

" Where real property, subject to a mortgage executed by any ancestor or testator, descends to an heir, or passes to a devisee, such heir or devisee must satisfy and discharge the mortgage out of his own property, without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator, that such mortgage be otherwise paid."

Evidence was introduced before the appraiser to the effect that there was no statutory requirement of the District of Columbia that the heir or devisee of real property situated within the district satisfy the mortgage debt out of his own property.

In my opinion this testimony was not relevant to the issue involved herein. The question is not to be decided by the establishment of the identity of the person or persons by whom or the fund out of which the mortgage debt is ultimately to be paid. That is a matter of administration. We are concerned only with the application to the facts in this case of the statute regulating the assessment of the transfer tax. It requires, among other things, that the property of a decedent be valued in the form in which he left it at the date of his death. This was declared to be the law in *Matter of Livingston, supra,* and the other cases above cited.

Section 250 of the Real Property Law was referred to in the opinions of the court as showing a statutory obligation on the part of the heir or devisee personally to satisfy the mortgage debt, but the underlying reason for the decision was the conclusion reached by the court that the provisions of law for the imposition of the transfer tax required that the property of the decedent be treated according to its status at his death.

33

Surrogate's Court, New York County, October, 1918.    [Vol. 104.

The testator in this case specifically devised to his wife real estate which, at his death, was incumbered with a mortgage of $65,000. His only interest therein was the equity of redemption, and this was the measure of the value of the devise to his wife.

The decedent was a resident of the state of New York, and the transfer tax on the interests passing to the beneficiaries of his estate is to be ascertained and determined in accordance with our laws.

It has been the practice in ascertaining the tax on mortgaged real property within this state of non-resident decedents to value only the decedents' interest therein, and no inquiry is ever instituted for the purpose of determining whether, under the laws of the domicile of a non-resident decedent, the mortgage indebtedness is to be discharged from the personal property in the hands of the executors or administrators. This practice results from the interpretation given to the Transfer Tax Law that the property is to be treated with regard to its condition at the date of the death of the decedent.

The Supreme Judicial Court of Massachusetts held in the case of *McCurdy* v. *McCurdy,* 197 Mass. 248, that the collateral inheritance tax should be levied only on the equity of redemption in the real estate of a non-resident decedent, and overruled the contention of the attorney-general that the personal property of the decedent in New Jersey, of which state he died a resident, should be applied to the satisfaction of the mortgage debt. This decision was rendered without examination of or reference to any provision of the law of the state of New Jersey as to the responsibility for the payment of the mortgage indebtedness. The court based its decision on the principle that the collateral inheritance tax law of the commonwealth con-

templated the assessment of the tax on the property as it was left by the decedent, and that the only taxable interest was the value of the property over the mortgage. The court, in its opinion, cited with approval the case of *Matter of Sutton, supra,* a fact which adds emphasis to the assertion made above that the decision in the case was not controlled by the provisions of section 250 of the Real Property Law, which apparently has no counterpart in the statute books of Massachusetts. The rule as to the payment of debts of decedent in that state is the common law, which the record shows is in force in the District of Columbia.

If the real estate of this resident decedent was situated in the state of Massachusetts instead of in the District of Columbia, the contention made by the executors herein could be urged with equal show of reason. If successful, a double exemption would result. The state of Massachusetts would impose a tax only on the equity of redemption, and the mortgage debt would again be deducted from the personal property in the hands of the executors.

The personal estate of the decedent, taxable within the state of New York, should not be resorted to and depleted for the purpose of discharging a specific lien on real estate situated outside of this state, specifically devised in its incumbered condition.

I am of the opinion that the appraiser erred in his allowance of the deduction of $65,000 from the personal property of the decedent. The order assessing tax will be reversed and the report remitted to the appraiser for correction, as indicated herein.

Order reversed.