1831.

LOUD
v.
SERGEANT.

---

· LOUD and others *vs.* SERGEANT and another. (*a*)

---

Where a defence consists of a variety of distinct facts and circumstances, there
can be no saving by a plea.

Equity will not relieve against a judgment when the defendant has, by his
own neglect, suffered it to pass against him or omitted to avail himself of a de-
fence which he knew of and might have set up at law. This is well settled.

The right to proceed at law upon a bond against both principal and surety is
not taken away under the R. S. by the creditor's also holding a mortgage.

If a surety is resorted to in any case and compelled to pay, an equity arises in
his favor to be substituted in the place of the creditor and to have the bene-
fit of all securities which he held.

---

*July* 18:
1831.

*Plea.*
*Judgment at*
*law.*
*Principal and*
*surety.*

THIS cause came before the court on bill and plea of the de-
fendant Aaron Sergeant. An answer was attached to the lat-

---

(*a*) An appeal was entered from the decision in this case: but it
was subsequently abandoned.

ter. The bill was filed by the complainants as judgment cre-
ditors of Aaron Sergeant, after a writ of *fieri facias* had been
returned unsatisfied. The judgment was obtained by the com-
plainants upon promissory notes made by one Divers and en-
dorsed by Sergeant to Thomas Loud, the father of the com-
plainants, who passed them to the latter, as they alleged, in the
usual course of business and before the notes fell due.

The defendant pleaded, that the causes of action on which
the judgment was recovered did, before and at the time of the
commencement of the action and up to the period of pleading,
belong to Thomas Loud, the father of the complainants; that
the debt for which the notes were given was the debt of Divers,
the maker thereof, due to this Thomas Loud for the purchase
of certain real estate sold by the latter to the former; that the
defendant Sergeant endorsed the notes as surety for Divers;
that as a further security for the payment of the purchase mo-
ney, Loud retained the legal title of the real estate in him-
self and still held it, although a large part of the purchase mo-
ney had been paid by Divers; that Thomas Loud, by agree-
ment and understanding with the defendant Sergeant, was to
sell and dispose of the said real estate, and out of the proceeds
pay the notes if Divers failed to do so. The plea then averred,
that the subject of the bill had been and still was the property
of a third person who was not one of the complainants, namely,
Thomas Loud; that he held ample security in real estate for
payment of the notes; and that he had transferred them to
the complainants without consideration and to defraud the
defendant Sergeant by compelling him to pay the notes for
Divers, who was insolvent, and yet retaining the lands to his,
Loud's, own use and which were greatly encreased in value
since the sale.

Mr. *George Sullivan*, in support of the plea.

Mr. *Murray Hoffman*, for the complainants.

THE VICE-CHANCELLOR. I doubt the propriety of putting *September 5.*
forward all this matter by way of plea, even though the cir-

cumstances themselves may form a sufficient defence to the bill.

The criterion by which to determine how far a defence is proper by way of plea is, to ascertain whether the cause is thereby reduced to a single point creating a complete bar to the suit. It is true the matter of a plea may consist of a variety of facts and circumstances, provided they are not inconsistent with each other and all tend to one point, making out one connected proposition sufficient of itself to form a defence to the bill—and not showing separate and distinct defences, one of which would have been sufficient: for then, the plea will be bad for duplicity: *Coop. Eq.* 223, 225; *Beame's Pl.* 19, and cases there mentioned.

I cannot say the plea under consideration falls within the rule connected with duplicity: because I do not perceive how any of the matters which are pleaded, when taken separately, could constitute a bar or defence to the suit.

I am also at a loss to discover upon what principle the whole of the matter taken together can be a bar.

It seems to me much more expedient that this defence, if it is to be available, should be taken by answer. The object of a plea is to save the parties the expense and trouble of examining witnesses at large, by putting an end to the suit upon some single ground of defence. Where this defence consists of a variety of facts and circumstances, there can be no saving by a plea; because the examination of witnesses must still be as much at large as if the defendant had put it forward in an answer; and another reason given in the books is, that by allowing a plea containing such various matter, the court gives judgment, in effect, upon the facts and circumstances of the case before they are made out by proof.

I shall proceed to dispose of the question upon this plea, not upon the point of duplicity or inexpediency, but upon other grounds —and which I think are fatal to it. In the first place, it is said, that this defence could have been made at law, and as the defendant Sergeant has not availed himself of it there, he cannot now set it up in avoidance of the judgment. I agree with the counsel for the complainants in this proposition. Upon proving

a transfer of the notes by Thomas Loud to the complainants without consideration, the defendant might have been let into any and every defence which he could make provided Thomas Loud had been the defendant in the action; and the rule is well settled, that this court will not relieve against a judgment at law on the ground of its being contrary to equity, when the party has, by his own neglect, suffered it to pass against him or omitted to avail himself of a defence which he might have made and which he knew of during the pendency of the action: *Lansing* v. *Eddy*, 1 *J. C. R.* 51, and other cases.

There is no allegation in this case of the defendant Sergeant's being ignorant of any of the matters which are now pleaded or of his having been prevented by accident or any other cause from making his defence at law. He is, therefore, too late.

But, there is a view to be taken of this case which, in my judgment, shows that the matter of this plea is not a complete defence to the present suit. The defendant Sergeant endorsed the notes by way of security for the purchase money of the lands sold by Loud to Divers. Loud retained the legal title in himself as a further security until the notes should be paid, under an agreement, as is alleged, to sell the lands and apply the proceeds to the payment of the notes; and it is also averred, that he still holds the lands which are an ample security. Now, according to this statement, the transaction may be considered the same, in effect, as if Loud had delivered a deed of the lands to Divers and had taken his bond, with Sergeant as a surety therein, and a mortgage by way of additional security. What then would be the rights of the parties? Loud could sue upon the bond and it would be no defence for the surety to say the debt was secured by a mortgage. The surety would still be personally liable. He bound himself for the payment of the debt; and the mortgage was but an incident and a collateral of the bond to be resorted to in case the personal security failed. It might also have been resorted to in the first instance at the election of the creditor. Even under the regulations contained in the Revised Statutes the right to proceed at law upon the bond against both principal and surety is not taken away in

consequence of the creditor's likewise holding a mortgage. But if the surety is resorted to in any case and compelled to pay the debt, an equity at once arises in his favor to be substituted in the place of the creditor and to have the benefit of all securities which he held.   The defendant, Sergeant, if he pays the debt as surety for Divers, will be entitled to have the lands sold or conveyed to him for his indemnity; and this court, upon a bill filed for the purpose, will aid him : but he cannot, for this reason, avail himself of the matters pleaded as a protection against paying the judgment recovered upon the notes.

If the agreement set up was ever of any force, it would have availed the defendant, Sergeant, at law—and there he ought to have made use of it.   He has no excuse for not having done so and he cannot now be permitted to set it up against the judgment.

I must disallow the plea, with costs; but I shall order it to stand for an answer, with leave to the complainants to except.