GEORGE W. JENKINS, Plaintiff, *v.* JAMES B. SMITH et al., Defendants.* ᵎ

(Supreme Court, New York Special Term, July, 1897.)

1. Marshalling assets — Rights of senior creditor.

The rule that a creditor, who has a prior right to payment from two funds belonging to the same debtor, must first exhaust the fund to which the junior creditor has not access, does not apply, where it will work an injury to the senior creditor.

2. Same — A creditor having two debtors owning separate funds.

Where an action is brought to foreclose a mortgage given to secure a note of an insolvent mortgagor, which note, an insufficient security for the debt, is guaranteed by an indorser and also secured by a pledge of worthless stock, a mechanic's lienor whose lien has, by a former adjudication, been declared to be subsequent to that of the mortgagee, cannot equitably insist that the mortgagee shall first exhaust his remedies upon the note, the fund to which the mechanic's lienor has not access, against the maker and indorser before foreclosing, as the mortgagee has, in the maker and in the indorser, different debtors to whom belong separately the land and the note, while the duty of payment is primarily upon the maker; and, further, as the indorser, upon paying the note for the maker, would be entitled to be subrogated to the rights of the mortgagee under the mortgage and would be entitled to satisfaction from it before the mechanic's lienor, the latter, after a foreclosure, by the subrogated indorser, of the land, shown to be an insufficient security, would take nothing by the remedy which he solicits.

3. Pledge — Notice of sale.

A sale of stock, pledged as collateral to a note by its maker, is valid when fairly made upon notice to him, although it realized only a nominal sum; and a mechanic's lienor, claiming equitable rights in the stock, is not entitled to notice of the sale.

ACTION to foreclose mortgage. The opinion states the case.

Alexander & Green (Allan McCulloh and Wm. Cowper Prime, of counsel), for plaintiff.

Miller & Miller (Jacob F. Miller, of counsel), for defendant Smith.

*Received too late for insertion in proper place.— [Reporter.

PRYOR, J. In an action to foreclose a mortgage, besides the owner of the equity, the indorsers of the note secured by the mortgage, and a claimant to a mechanic's lien, are made parties defendant. Smith, asserting the lien, alone answers. Durland, the mortgagor, is maker of the note. The American Deposit & Loan Company, indorser, is under no liability to plaintiff, its indorsement being merely to pass title to the note. Libby, the other indorser, is guarantor of the note. The note was for a loan of $50,000, which, in addition to the mortgage, was secured by a pledge of stock. Foreclosure is sought not only for the $50,000, but for $27,496.10 also, money properly expended by plaintiff in the protection of his security.

By his answer, defendant Smith asks affirmative relief; namely, that his lien be established, and that the " plaintiff be directed to exhaust his remedy upon the alleged note against the maker, and indorser, and against the stock alleged to have been deposited with him or the American Deposit & Loan Company, before resorting to the land described in the complaint."

Argument is made for the defendant Smith that, although his lien was filed February 18, 1896, while plaintiff's mortgage is of record, July 19, 1895, still the lien should be declared paramount to the mortgage. But in a former action by Smith to foreclose, to which this plaintiff was a party defendant, and in which the relation of their rights was an issue to be determined (Mechanics' Lien Law, § 17), defendant's lien was expressly adjudged to be subsequent and subordinate to plaintiff's mortgage. The question is concluded; and this even though the subjects of the actions were different. Castle v. Noyes, 14 N. Y. 329; Leavitt v. Wolcott, 95 id. 212, 219; Goebel v. Iffla, 111 id. 170; Fairchild v. Lynch, 99 id. 359; Pray v. Hegerman, 98 id. 351.

Probably Smith's equity to have plaintiff's claim satisfied primarily out of the stock assigned as collateral is supported by authority. Herbert v. Mechanics', etc., Assn., 2 C. E. Green, 497; Washington, etc., Assn. v. Beaghen, 27 N. J. Eq. 101; Phillipsburg, etc., Assn. v. Hawk, id. 356; 90 Am. Dec. 601, 607. In fact, plaintiff did resort to the stock, which, however, upon a sale realized only three dollars net; and this sum is credited on the mortgage debt. Complaint is made that Smith had no notice of the sale. And why should he? He was not the pledgor, nor in any way concerned in the pledge. It is enough that plaintiff, pursuant to his legal obligation and the terms of his contract, gave notice to Durland, from whom he received the stock.

Were it shown that plaintiff had fraudulently or negligently sacrificed the stock, Smith might not be without redress. Cheesebrough v. Millard, 1 Johns. Ch. 409, 414 (marg.).

The real question in controversy is whether the court will so marshal plaintiff's securities as to require him, before resort to his mortgage, to exhaust his remedies against the maker and indorser of the note.

It is the settled law of this state that if, to satisfy his demand, a creditor may have recourse to two funds, and another creditor, to satisfy his demand, may have recourse to but one of those funds, the former creditor shall be confined, in the first instance, to the fund to which he has exclusive access; or else, that upon satisfaction of the demand and of the former out of the fund available to both creditors, the latter creditor shall be subrogated to the rights of the former creditor in the fund which was open to him alone.

This is a statement in absolute terms of the rule as to marshalling securities between creditors; but in its application it is subject to the qualification that it inflict no injury upon any party. The remedy proceeds, not upon a legal right, but upon a principle of equity; and consequently, if under the circumstances of the case its enforcement be inequitable, it will be withheld. "It must not be forgotten that it is a rule of equity on which the applicants rely. It is never applied where it will work injustice. Indeed, the party who seeks to enforce it must show affirmatively that it would be equitable in relation to all parties to afford him that kind of relief." Bronson, J., in Reynolds v. Tooker, 18 Wend. 590, 594 (marg.). "But a court of equity will take care not to give the junior creditor this relief, if it will endanger thereby the prior creditor, or in the least impair his prior right to raise his debt out of both funds. The utmost that equity enjoins in such a case is, that the creditor who has a prior right to two funds, shall first exhaust that to which the junior creditor cannot resort; but where there exists any doubt of the sufficiency of that fund, or even where the prior creditor is not willing to run the hazard of getting payment out of that fund, I know of no principle of equity which can take from him any part of his security, until he is completely satisfied." Spencer, Ch. J., in Evertson v. Booth, 19 Johns. 486, 493; cited and approved in People v. Remington, 121 N. Y. 328, 333. "The rule, however, is subject to some qualification. Such a course must appear to be necessary for the payment and satisfaction of both the debts. And it must not operate to prejudice the rights of the first creditor to the double fund. Neither must there be any reasonable doubt

of the sufficiency of the one fund to satisfy the debt." Brown, J., in Herriman v. Skillman, 33 Barb. 378, 384, c. f.; 1 Story's Eq. Jur. (13th ed.), § 633, note.

In applying these principles to the case, it is obvious at once that the fund to which it is sought to compel recourse by the plaintiff — the note of $50,000 — is inadequate to the discharge of the $77,-496.10 debt for which the mortgage is security. Then, too, the insolvency of Durland, the maker of the note, is conceded, while the solvency of Libby, the indorser, is not apparent. It were manifest injustice, therefore, to deprive the plaintiff of the protection which his providence has secured, by remitting him to a resource so precarious and insufficient.

Assuming, however, the solvency of Libby, and supposing the sum for which he is indorser equal to the amount of plaintiff's claim, still plaintiff may not be compelled to recourse against Libby.

"A surety who has paid the debt is entitled to be put in the place of the creditor, and to all the means, and to every remedy, which the creditor possesses to enforce payment from the principal debtor." Kent, Ch., in Hayes v. Ward, 4 Johns. Ch. 123; Lewis v. Palmer, 28 N. Y. 271; Loud v. Sergeant, 1 Edw. Ch. 164; Mathews v. Aikin, 1 N. Y. 595; Townsend v. Whitney, 75 id. 431. An indorser is a surety in respect to the maker, and on payment of the note, Libby would be entitled to be subrogated to plaintiff's rights under the mortgage. Ross v. Jones, 22 Wall. 576, 593; Third Nat. Bank v. Shields, 55 Hun, 274, 277; First Nat. Bank v. Wood, 71 N. Y. 405, 411; Clason v. Morris, 10 Johns. 525.

Since, then, on payment of the note, Libby, to enforce his right of exoneration against Durland, would be subrogated to the securities held by plaintiff, Libby's equity of recourse to the land by means of the mortgage is manifestly superior to Smith's equity by virtue of his lien; but the right to marshal securities " cannot be used to the prejudice of those who have an equal or superior equity against the debtor." Bispham's Principles of Eq., § 342, and citations.

Since, too, on payment of the note, Libby would take the mortgage as plaintiff holds it, Smith's lien, in any event, would be subordinate to the lien of the mortgage, and his satisfaction postponed to the satisfaction of Libby. It is apparent that, after foreclosure, nothing would remain for the benefit of Smith; and the remedy he solicits would still be fruitless. *Lex nihil frustra*, Jackson v. Adams, 7 Wend. 368.

It is manifest, at a glance, that the case is not one for relief by

marshalling securities. The plaintiff has a demand against Durland on the mortgage, and a demand against Libby on his indorsement. The land is the property of Durland, and the note the property of plaintiff. " We have gone this length: if A has a right to go upon two funds, and B upon one, *having both the same debtor, and the funds are the property of the same person,* A shall take payment from that fund to which he can resort exclusively, so that both may be paid. But it was never said that if I have a demand against A and B, that a creditor of B shall compel me to go against A without more. If I have a demand against both, the creditors of B have no right to compel me to seek payment from A, if not founded in some equity, *giving B for his own sake,* as if he was a surety, etc., a right to compel me to seek payment of A. It must be established that it is just and equitable that A *ought to pay in the first instance,* or there is no equity to compel me to go against A." Eldon, Ld. Ch. in *Ex parte* Kendal, 17 Vesey, 520. " If one judgment creditor has a right to go upon two funds, and a second judgment creditor upon one of them, belonging to the same debtor, the former may be compelled to apply first to the fund not reached by the second judgment, so that both might be satisfied. But if the first creditor has a judgment against A and B, and the second against B only, the latter cannot compel the former to take the land of A only, *it not appearing whether A or B ought to pay the debt due the first creditor,* nor any equitable right shown in B to have the debt charged on A alone." Kent, Ch., in Dorr v. Shaw, 4 Johns. Ch. 17, marg., c. f.; Much v. Allen, 17 N. Y. 304.

In the case before me, Durland and Libby are different debtors of the plaintiff — the one by mortgage and the other by note — and these two funds do not both belong to Durland, but one to him and the other to Libby. Nor has Durland an equity to compel Libby to pay the note; on the contrary, the burden is upon Durland, as maker, to pay it in exoneration of the surety, Libby. Ross v. Jones, 22 Wall. 576, 593, and citations, *supra.* So far from forcing plaintiff to collect the debt of Libby, the court, in protection of a recognized equity, would rather oblige plaintiff first to exhaust his remedy under the mortgage. Hauselt v. Patterson, 124 N. Y. 349; Remsen v. Beekman, 25 id. 552, 557; Sheppard v. Conley, 9 N. Y. Supp. 777; Hayes v. Ward, 4 Johns. Ch. 123, 132.

Judgment of foreclosure for $77,496.10, and interest, with costs.

Judgment of foreclosure, with costs.