WALTER E. MAYNARD, MARY H. MAYNARD and HELEN L. MAYNARD, as Sole Surviving Trustees under a Certain Deed of Trust, dated June 20, 1898, etc., Plaintiffs, *v.* WALTER E. MAYNARD, Individually, et al., Respondents.

(Supreme Court, New York Special Term, August, 1919.)

Wills — construction of — trusts — legacy — accounting — pleading — suspension of power of alienation — residuary legatees — statute of perpetuities — Code Civ. Pro. § 521.

Where in an action by surviving trustees for an accounting and instructions as to who are entitled to participate in the distribution of the funds of two trust deeds, one of the defendants, as trustee under the will of one who had a power of appointment conferred upon him by the deeds of trust, serves an answer under section 521 of the Code of Civil Procedure asking for affirmative relief against all other defendants, and all parties interested in both the trust deeds and the will are before the court, the ultimate rights of those defendants, who among themselves are interested in said estate, may be determined. In the circumstances the court is not limited by the allegations and prayer of the complaint and no rights of the plaintiff can be prejudiced by such a course.

Where it is clear that the testator, who died without issue, when he made his will providing for bountiful legacies far in excess of his meager individual estate, must have had in mind that all of the provisions of his will should be made effective, not only by the use of his individual estate but also of the estate or funds of which he had the power of appointment, his intention may be accomplished by the marshaling of the funds created under the trust deeds and from his individual estate without doing injustice to any of the persons who are the objects of his bounty.

This is so even though it was the intention of the testator that a trust fund under the will was to be created exclusively from funds set apart under the trust deeds, they containing express provisions, which in themselves, have the effect of illegally suspending the right of alienation.

The general bequests must be satisfied before payments are made to the residuary legatees.

The testator's real estate held chargeable with the payment of the moneys necessary to create a certain testamentary trust.

Where separate trusts attempted to be created by the residuary clause of the will are void under the statute of perpetuities, such illegality is not destructive of a legacy given to infants, as the court may disregard the illegal antecedent trust provisions by accelerating the remainders vested in said infants under the residuary clause.

ACTION by trustees for an accounting.

Hawkins, Delafield & Longfellow (Lewis L. Delafield, of counsel), for plaintiffs.

E. J. Dimock, for Walter E. Maynard, as executor of Effingham Maynard, Jr., deceased.

Spoor & Russell, for defendant Nellie Corey Mix Taylor.

Leonidas Dennis, for defendant United States Fidelity and Guaranty Company.

Henry W. Baird, for defendant Katharine Reinhart Taylor.

Geller, Rolston & Horan, for defendant Farmers' Loan and Trust Company, as trustee for Edward G. Burgess, 3d, and others.

Reginald H. Schenck, for defendant Elizabeth Goffe Burgess, individually, and said Elizabeth Goffe Burgess, as guardian *ad litem* for Edward G. Burgess, 3d.

Samuel H. Ordway, guardian *ad litem* for infant defendants Walter Maynard and Audrey Maynard.

Middlebrook & Borland, for defendants Robert Graves and others, as trustees under the will of Margaret J. P. Graves, deceased.

Supreme Court, August, 1919. [Vol. 108.

GREENBAUM, J. The surviving trustees under two deeds of trust, each dated June 20, 1898, executed by Effingham Maynard, the elder, since deceased, bring this action for an accounting and the court's instructions as to the persons entitled to participate in the distribution of the trust funds created for Effingham Maynard, Jr., now deceased, under each of said deeds of trust. The doubts which have arisen with respect to the distribution of the two funds in question necessitate the construction of the trust deeds and the last will and testament of Effingham Maynard, Jr. The defendant Farmers' Loan and Trust Company, as trustee of a trust created under the will of Effingham Maynard, Jr., prays in its answer for an accounting on the part of the executor of the latter's estate, and for a final determination as to the persons who are entitled to share in the distribution thereof, and to what extent. At the outset it may be well to pass upon the doubt expressed by the plaintiffs as to whether, under the present state of the pleadings, the court is in a position to order an accounting and distribution of the estate of Effingham Maynard, Jr., in this action. It appears that the defendant Farmers' Loan and Trust Company, availing itself of the provisions of section 521 of the Code of Civil Procedure, served its answer asking for affirmative relief upon all the defendants, and that all persons entitled to share in the estate of Effingham Maynard, Jr., are before the court in this action. Under these circumstances the court is not limited by the allegations and the prayer of the complaint, and is in a position to determine the ultimate rights of those defendants who, as between themselves, are interested in the estate. It is not apparent how the plaintiffs' rights can be prejudiced by such a course. Since the necessity for bringing an independent action, with its incidental delays and expenses, will be thereby

obviated, it becomes particularly desirable to pass upon the rights of all the parties now before the court interested in both the trust deeds and the last will and testament of Effingham Maynard, Jr. A study of the will in question and the conditions of the estate of the testator at the time it was executed convinces me that in executing the will the testator intended to exercise the power of appointment conferred upon him by the elder Maynard under the two deeds of trust. A circumstance of great significance, both under the statute law and the decisions, is that there is not the slightest evidence that the testator did not intend that the execution of his will shall not operate as an execution of the power of appointment conferred upon him under the deeds of trust. Pers. Prop. Law, § 18; *Lockwood* v. *Mildeberger,* 159 N. Y. 181. The latter case is also authority for the proposition that the same rule is applicable to both real and personal property. Then the provisions of the will, read in connection with the circumstances attendant upon its execution and the condition of his " private estate," as it is termed in the will, establish affirmatively that it was his intention by the execution of his will to exercise his power as donee. We may now consider the provisions of the will which have provoked the controversy in this action. The " fourth " paragraph thereof, which bequeathes $25,000 to Nellie Corey Mix Taylor, requires but slight discussion. It explicitly provides for its payment " from my private estate, or if that should not be sufficient, from the principal of any trust funds of which I may have the power of disposition or appointment by will." This legacy must in any event be paid in full, and it is merely a question as to the source or sources from which it is to be paid. The phrase " private estate " employed by the testator evidently indicates an intention that, so far as it was

sufficient for the purpose, this legacy was to be paid
out of the property of which the testator died seized
and possessed in his own right, and that the deficiency,
if any, was to be paid out of the trust funds of which
he had the power of disposition. As to the " eighth "
paragraph of the will, which relates to the Burgess
trust fund, its illegality cannot be doubted if it be held
that the testator thereby intended that it should be
created exclusively from the funds set apart under the
trust deeds, since they contain express provisions
which in themselves have the effect of suspending the
right of alienation for two lives. But the testator's
intention would not be defeated if the provisions of
the will, read in connection with each other, show that
it was his intention that his individual property, as
well as the funds derived from the trust deeds, were
to be available to all the dispositions made in his will.
That the equitable powers of this court may be exer-
cised by the marshaling of the several funds is admir-
ably and tersely expressed in the headnote of *Fargo
v. Squiers,* 154 N. Y. 250 : " When the subject matter
of a will which creates a trust consists of two estates
or funds, one of which is an individual estate which
can be lawfully devoted to the purposes of the trust
and the other is an appointive estate which cannot be
so devoted, and the will contains specific legacies
with no direction as to the fund out of which they shall
be paid and discloses an intention to devote the whole
of the residuary estate to the use of the beneficiaries
of the trust, equity can, for the purpose of carrying
out such intention so far as lawful, require the specific
bequests to be paid out of the appointive estate and
thus save the individual estate unimpaired to continue
the trust.'' It is clear that the testator, Effingham
Maynard, Jr., who died without issue, leaving a will
with bountiful legacies far in excess of his meagre

individual estate, must have had in his mind when he executed his last will that all its provisions, including the payment of his debts and the distribution of the residuary estate, should be made effective not only by the use of his individual estate, but also of the estate or funds of which he had the power of appointment. *Lockwood* v. *Mildeberger, supra.* The effectuation of this intention may readily be accomplished by the marshaling of the two trust funds created under the trust deeds and the funds derivable from his individual estate without doing any injustice to any of the persons who were the objects of the testator's bounty. Thus, by marshaling these funds, the trust fund in favor of the Burgess children may be taken out of the individual estate of the deceased and the legality of the trust will be upheld. There would therefore be no objection to the payment of the debt of the testator incurred by his execution of the bond of $40,000, for the securing of which he also executed a mortgage on his property No. 53 East Sixty-first street with the funds derivable under the trust deeds. This is in conformity with a long recognized rule of will construction. *Searles* v. *Brace,* 19 Abb. (N. C.) 10; *Matter of Hopkins,* 57 Hun, 9. The general bequests may be satisfied before payments are made to residuary legatees. *Matter of Title Guarantee & Trust Co.,* 195 N.Y. 339. Tt would follow if this course be pursued that the real estate of which the testator died seized would be chargeable with the payment of the moneys necessary to create the trust fund under article 8 of the will. *Irwin* v. *Teller,* 188 N. Y. 25; *Briggs* v. *Carroll,* 117 id. 288; *Brill* v. *Wright,* 112 id. 129; *McCorn* v. *McCorn,* 100 id. 511. With respect to the ninth paragraph, which is the residuary clause of the will, the court is in complete accord with the reasoning of the learned counsel of the plaintiff and of the special guardian of the

infant defendants Walter Maynard and Andrew Maynard. There can be no doubt that the separate trusts therein attempted to be created are void under the statute of perpetuities for the reasons already mentioned in discussing the eighth article of the will. This illegality, however, is not destructive of the legacy intended to be given to these infants, since the court may disregard the illegal antecedent trust provisions by accelerating the remainders which are vested in them under this article. As pointed out by the counsel, there is ample authority for such a holding. *Kalish* v. *Kalish*, 166 N. Y. 368; *Smith* v. *Chesebrough*, 176 id. 317; *Matter of Colegrove*, 221 id. 455; *Matter of Hitchcock*, 222 id. 57; *Matter of Berry*, 154 App. Div. 509; affd., 209 N. Y. 540, without opinion.

An interlocutory judgment will be entered in accordance with the foregoing views.

Judgment accordingly.