———————— Low and Others, as Executors of and Trustees under the Last Will and Testament of LYMAN N. HINE, Deceased, Plaintiffs, *v.* THE BANKERS' TRUST COMPANY and Others, Defendants.

Supreme Court, New York County, June 30, 1932.

*White & Case [J. Adam Murphy* of counsel], for the plaintiffs.

*Richards & Affeld [Frank Sowers* of counsel], for Bankers' Trust Company.

*Chadbourne, Stanchfield & Levy [Leonard P. Moore* of counsel], for Sibyl Y. Hine, guardian *ad litem* of defendants Francis L. and Sibyl Young Hine.

*John A. Mullen,* guardian *ad litem* of John Doe and Mary Roe.

INGRAHAM, J. This is an action in equity brought by the plaintiffs, as executors of and trustees under the last will and testament of Lyman N. Hine, deceased, to compel the defendant trust company to render an accounting of its proceedings as successor trustee under a deed of trust made by Francis L. Hine, and to pay over to the plaintiffs the principal and undistributed income of a trust fund. The deed of trust, dated March 13, 1914, sets up an irrevocable trust of personal property with the Astor Trust Company, predecessor of the defendant Bankers' Trust Company. The income of said trust was to be paid to the settlor's wife for life, and upon her death to Lyman N. Hine, the son of the settlor, for life. The trust deed further provided that the said Lyman N. Hine should have power of appointment over the trust fund. Lyman N. Hine died in the year 1930, survived by his wife and two children, the defendants Francis L. Hine and Sibyl Young Hine. The plaintiffs are the executors of and the trustees under the will of the said Lyman N. Hine, executed in 1929. This will, after directing the payment of the testator's debts and funeral expenses by his executors, bequeathed to his wife the sum of $100,000, and in paragraph fourth provided that " all the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situated. * * * I direct my executors to divide into two equal parts, and I give, devise and bequeath the same as follows." One of said parts is to be held in trust for the benefit of and during the lifetime of the defendant Francis L. Hine, 2d, and the other for the benefit of and during the lifetime of the defendant Sibyl Hine. The will contains provisions for payments of the income and portions of the principal at stated periods to the said beneficiaries of the trust, and directions for the distribution of the remainder of the trust principal to the issue

of said beneficiaries upon the termination of the trusts. The will further provides: " *Tenth.* I direct my executors to pay out of my residuary estate any and all inheritance or transfer taxes that may be levied or assessed against my estate or the legacies, life estates and devises hereinbefore set forth." The trust fund over which Lyman N. Hine had the power of appointment consists entirely of personal property. Section 18 of the Personal Property Law provides that " personal property embraced in a power to bequeath, passes by a will or testament purporting to pass *all* the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication." (Italics mine.)

The will of Lyman N. Hine disposes of all his personal property. His intention as disclosed by the terms of the will construed in the light of the surrounding circumstances must be given effect. A valid exercise of the power does not depend on its express mention in the will. (*Hutton* v. *Benkard,* 92 N. Y. 295.) The presumption arises by operation of law that the will exercised the power and " sends the property, subject to the power, in the same direction as that in which the testatrix has sent her own property." (*Lockwood* v. *Milde-berger,* 159 N. Y. 181, 188.) We may take into account as a controlling factor that there is not the slightest evidence " that the testator did not intend that the execution of his will shall not operate as an execution of the power of appointment conferred upon him under the deeds of trust." (*Maynard* v. *Maynard,* 108 Misc. 362, 365.)

The will of Lyman N. Hine effectively exercised the power of appointment granted to him in the deed of trust made by his father. The plaintiffs concede, and the conclusion is inescapable, that if the funds embraced in the power of appointment are used to set up the trusts covered by article 4 of the will, such a use of them would violate the statutes against perpetuities, since the power of alienation would then be suspended for a period longer than two lives in being at the date of the original deed of trust. We may not, however, ascribe to the testator herein an intention to do an illegal and an invalid act. (*Matter of Rooker,* 248 N. Y. 361.) An examination of the various provisions of the will of Lyman N. Hine shows clearly that he intended the bulk of his estate to be held in trust for his two children with eventual distribution to their issue, and he was careful to make express provision for the direction of the trustees to the end that the corpus of the trust should be as large as possible. He did not intend that his children should receive outright any portion of his estate at this time. The will is irrefutable evidence that his sole intention was to set up a trust fund for them from which they were to receive at stated times portions of the principal.

We must in our determination of this controversy be guided by a desire to give effect to the testator's intention. We must, if at all possible, carry out his intention. The will in its entirety must be construed with an eye single to attaining that result, and to that end the appointive funds must be applied in such manner as to constitute a valid exercise of the power. The situation here presented is in a way analogous to the doctrine of marshaling the assets of a decedent's estate. (*Fargo* v. *Squiers*, 154 N. Y. 250, 262.) There the rule is stated as follows: " The equitable rule is that where one claimant has two funds to which he may resort to answer his demand, and another claimant has an interest in only one of such funds, he can compel the former to take satisfaction out of the fund in which the latter has no lien, and this rule is applicable to legatees as well as creditors." The case of *Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266), cited by the defendants, arose from facts entirely unlike those here presented. In that case the donee of the power expressly stated in her will that she was creating a trust of her own property and the property subject to disposal under the power. Furthermore, there was not in the *Kip* case an intent to exercise the power by the whole will. In the case at bar the whole will exercises the power, and the debts, funeral expenses, legacy, taxes and expenses are payable out of the appointive property. Only by applying the appointive property in this manner can we effectively carry out the clear intent of the testator. (*Rice* v. *Harbeson*, 63 N. Y. 493; *Cheever* v. *Cheever*, 172 App. Div. 353; *Matter of Terwilligar*, 135 Misc. 170; affd., 230 App. Div. 763; *Matter of Wickham*, 139 Misc. 729.)

Plaintiffs are accordingly entitled to an accounting, and to have paid over to them the principal and undistributed income of the trust fund to be devoted to the payment of the legacy, debts, taxes and expenses. Submit on notice proposed findings of fact and conclusions of law in accordance with the foregoing.