In the Matter of the Estate of MARY A. BLACKINTON, Deceased.

Surrogate's Court, New York County, November 3, 1934.

*White & Case,* for the executors.

*White & Case* [*Dudley Miller* of counsel], for the trustee.

*Archibald A. Gulick* [*Archibald A. Gulick* and *Lasater Terrell* of counsel], for Susan E. Blackinton, individually, devisee.

*Joseph R. Swan,* for the legatees.

DELEHANTY, S. In 1911, deceased made a voluntary deposit with a trust company of a substantial portion of her resources under the terms of a trust indenture which provided among other things that she was to receive the entire income on the fund during her life. In the indenture she reserved the right to direct by will the distribution of the fund and provided that if she failed to give such direction the trust fund should pass to her executors or administrators. She reserved no right of revocation. At her death the property in the trust was inventoried at over $115,000.

The will of deceased is dated July 3, 1931. A codicil thereto was executed November 6, 1931. She died November 12, 1931. The will and codicil operate to dispose of the corpus of the trust fund and also to dispose of real and personal property situated in France having an inventoried value of about $18,000 and of real and personal property situated in America having an inventoried value of about $80,000. Securities received by the executors at an inventory value of about $75,000 were liquidated at a loss of $39,000. The result of this shrinkage in value is that the relative rights of the legatees must be determined.

The will devises to a sister of deceased the real property owned by deceased in France. On February 25, 1931, about four months before she made her will, deceased borrowed a substantial sum of money from a French organization and gave as security therefor an instrument whereby she mortgaged the property in France which is the subject of the specific devise and whereby she stipulated that the claim of the mortgagee might be asserted against each of her heirs. By its terms the mortgage was payable in annual installments of a fixed amount, some of which have become due since the death of deceased and have been paid by the devisee of the property. The devisee seeks reimbursement by the estate and further insists that she is entitled to the property devised to her free of the burden of the mortgage debt. It appears from an opinion on the French law submitted by agreement that the statutory rule applicable in this State (Real Prop. Law, § 250) is not the law of France but that the latter — with some exceptions — more nearly approaches the common-law rule originally effective in this State

which placed the burden of the mortgage indebtedness on the general estate as a debt of deceased and, to the extent of the ability of the estate to pay its debts, exonerated the mortgaged property. The law of the situs of real property will be enforced in this State in an issue involving allocation of the burden of the mortgage debt. (*Matter of Vanderbilt*, 187 App. Div. 716, 719.)

The general legatees assert a right to be paid their legacies out of the property deposited under the *inter vivos* trust agreement and assert that the terms of the will indicate an intention on the part of testatrix to consolidate all her properties inclusive of the *inter vivos* trust fund into a single fund out of which payments were directed to be made by the will.

The account here filed is a joint account of the executors of deceased and of the trustees named under the will of deceased.

Consideration must be given to the legal effect of the *inter vivos* trust established by deceased. A copy of the indenture of trust is annexed to the petition. The securities deposited were those of deceased. The deposit was for her benefit only. She was to receive all of the income unless she directed otherwise in writing. There is no suggestion that any such direction was given or that any person ever acquired any interest in the fund or in the income. In these circumstances the donor might have canceled the trust of her own motion. (Pers. Prop. Law, § 23; *Doctor* v. *Hughes*, 225 N. Y. 305, 309; *Whittemore* v. *Equitable Trust Co.*, 250 id. 298, 300.)

By the terms of section 34 of the Personal Property Law a transfer of personal property made in trust for the use of the person making it is void as against all existing and subsequent creditors of such person. Under the cases cited this provision is applicable and hence it follows that the loan transaction in France — reserving as it did a right to proceed personally against deceased — gave to the French creditor the right to proceed against the corpus of the trust fund as well as against the other assets of deceased. From the viewpoint of this creditor there is no difference in right of resort to her assets between those which are nominally called estate assets and those described as trust property. (Civ. Prac. Act, § 1189; *Ward* v. *Petrie*, 157 N. Y. 301; *Schenck* v. *Barnes*, 156 id. 316.)

It is stated in *Fargo* v. *Squiers* (154 N. Y. 250, 262): " The equitable rule is that where one claimant has two funds to which he may resort to answer his demand, and another claimant has an interest in only one of such funds, he can compel the former to take satisfaction out of the fund in which the latter has no lien, and this rule is applicable to legatees as well as creditors."

It should be observed that the declaration quoted was made in a case in which the issue was between legatees. However, the

opinion cites with approval *Rice* v. *Harbeson* (63 N. Y. 493) in which the question was, as here, one of paying a mortgage debt out of a personal estate. The surrogate in the last-cited case held that the mortgage debt must be paid out of the personalty and the real estate exonerated. The effect of that ruling was to abate almost wholly the legacies payable out of the personalty. The General Term modified the surrogate's decree and required the mortgage claimant to exhaust first the real estate and limited his claim against the personalty to the payment of any deficiency found. The Court of Appeals affirmed the General Term. Among other things, it said: " another principle may be invoked to sustain the decision of the General Term in this case, which courts of equity have frequently applied in similar cases; and that is, the doctrine of marshaling assets in behalf of legatees, creditors, or distributees, which is analogous to that of marshaling securities in favor of creditors and sureties. This doctrine rests upon the equitable rule that where a claimant has two funds to which he may resort, both real and personal assets to answer the demand, and another an interest in only one, the last claimant has a right to compel the former to take satisfaction out of that fund on which the second has no lien (citing authorities).

" This power is frequently exercised by the courts to protect the rights of parties and to do justice between them and it is eminently proper to invoke its aid where, as in this case, a different rule must inevitably tend to defeat the claim of most of the legatees under the testator's will."

It is to be noted that the principles relied on are not limited, at least in the statement of them, to situations where the parties are all in the same class as, for instance, all legatees or all creditors. The fundamental which underlies the rule is stated to be justice of treatment of parties which should guide a court of equity.

Deceased was a citizen of this State and her property is to be disposed of here. The public policy of our State in respect of the application of the personal estate to the exoneration of real property from a mortgage debt is declared in section 250 of the Real Property Law. While, as stated, that law has no application to extra-territorial realty, the statutory rule conforms to the equitable principle stated in the case last cited.

Here the situation is that the French creditor has not attended before the court nor made any demand in its own behalf. The question is raised exclusively by the specific devisee. She has the double status of creditor and legatee. She claims as creditor reimbursement out of the personal estate for installments paid by her on the mortgage debt and she claims further as legatee exonera-

tion of her devise. The rule of equitable " marshaling " of estate assets is applicable to the situation here and in pursuance of the principle of justice as among the legatees it will be held that the legatees are entitled to be paid in full out of the personal estate of deceased before resort is had thereto for any payment on account of the mortgage debt or any reimbursement to the devisee for payments made by her. In reaching this conclusion the court has not ignored the fact that at the time the will was made the personal estate of deceased sufficed to pay the mortgage debt as well as the legacies.

The same arithmetical result would be reached for a different reason. The property here in question (both estate and trust properties) was all property of deceased. So far as her creditors are concerned it is in fact and in law all her property whether nominally called trust property or estate property. (Pers. Prop. Law, § 34.) There is nothing in the will to indicate that deceased treated the whole bulk of her property as having two distinct characters. There is reference in her will to appointed property, it is true, but nothing to show that that reference was anything more than the cautious language of the draftsman of her will. In a situation such as is here disclosed even lack of reference to appointed property has been held no bar to holding appointed property subject to the payment of legacies. (*Lockwood* v. *Mildeberger*, 159 N. Y. 181, 186.) Certainly here where the property is not that of another but of this testatrix herself it cannot be doubted that the whole bulk of her property inclusive of the so-called trust property is to be deemed subject to the operation of her will. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *Low* v. *Bankers' Trust Co.*, 146 Misc. 480; affd., 241 App. Div. 731.) *Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266) does not require a different holding. The cited cases show the length to which the courts have gone to effectuate the intention of a testator and to secure to the objects of his bounty the benefits which the testator intended them to have. It is contrary to the whole spirit of this will to assume that testatrix made her gifts in any expectation that her property would be divided into two categories and that some of her gifts might fail because limited to one category insufficient in amount. The only admissible interpretation of her will is that she dealt with all her property as a single whole and made all of it subject to the payment of her legacies.

There remains the question whether the specific devisee is entitled in any aspect to exoneration of the mortgaged property out of the personalty. The opinion of French counsel seems to require the holding that she is, conditioned upon prior payment of the

legacies. As stated, the mortgage debt is enforcible against all the property of deceased. It follows that if the so-called estate property is insufficient to pay other legacies and to pay the mortgage debt resort may be had to the so-called trust property. The specific devisee is entitled to have reimbursement out of the estate for her advances. She was constrained to make them in order to preserve her rights in the specific devise. They were not voluntary. For that reason they may be recovered by her. The mortgage debt being due in installments it will have to be provided for unless the future installments can be commuted on proper terms and the debt discharged before entry of the decree.

Submit on notice decree construing the will and settling the account accordingly.