In the Matter of the Estate of GEORGE H. DELL, Deceased.

Surrogate's Court, Orange County, January 18, 1935.

*Henry Parker Hallock, Jr.*, and *Caleb H. Baumes*, for the executrices, etc., of Andrew Dell, deceased.

*McLaughlin, Russell & Bullock* [*Ralph A. Bullock* of counsel], for the executrix, etc., of George H. Dell, deceased.

*Andrew J. Culick*, for the ancillary administrator c. t. a. of George H. Dell, deceased.

TAYLOR, S. George H. Dell and Laura Dell, husband and wife, purchased property, taking title in the two names and thereby made themselves tenants by the entirety. They executed a bond to secure the payment of $3,000 to Andrew Dell, now deceased, and the same was secured by a mortgage upon the said property. Upon the death of George H. Dell the property became that of Laura

Dell solely, except for the contingency that the divorce herein-after mentioned may have changed the character of their title holding.

George H. Dell, sometime after he and his wife acquired said property and executed the mortgage to Andrew Dell, went to California and there obtained a divorce from his wife, Laura Dell.

George H. Dell left a will which was duly probated in California and ancillary letters of administration with the will annexed have been issued out of this court.

The representatives of the estate of Andrew Dell now ask that one-half the face amount of this bond and mortgage be set apart by the representatives of George H. Dell's estate as security upon the latter's personal obligation upon the bond.

It is claimed that section 250 of the Real Property Law is applicable here and that the mortgaged property must first be resorted to before recourse may be had to the decedent's, George H. Dell's, personal estate. That statute provides that where real property, subject to a mortgage executed by an *ancestor* or *testator*, descends to an *heir*, or passes to a *devisee*, such heir or devisee must satisfy and discharge the mortgage out of his own property without resorting to the executor or administrator of his ancestor or testator unless the will otherwise provides. Putting out of view for the moment the question of the California divorce, it is clear that George H. Dell is not the ancestor of his wife, Laura Dell, nor is she his devisee for she now has absolute title to the property not by virtue of any will or law of descent, but by reason of the form of the acquisition of the property by the two in the first instance.

Counsel make no statement in respect to the question of whether the California divorce was obtained under such circumstances as would lead courts of this State to recognize its validity. Assuming our courts would recognize the California divorce, then the tenancy by the entirety was transformed into a tenancy in common (*Stelz* v. *Shreck*, 128 N. Y. 263), in which event the undivided one-half interest of George H. Dell in this real property passed under his will, and section 250 of the Real Property Law applies, at least, to that one-half interest.

Real property acquired by one as distributee or devisee must bear the burden of incumbrances thereon, and the devisee or distributee is not entitled to have the incumbrance discharged out of the general estate of the prior owner, and this rule is not to be disturbed unless the prior owner's will by clear and express language indicates the testator's intention otherwise. (*Taylor* v. *Wendel*,

4 Bradf. 324, 330; *Matter of Watson*, 101 App. Div. 550, 561.)

The customary provision in the will for the payment of debts is not a manifestation of an intent to relieve the real property of its burden. (*Taylor* v. *Wendel*, 4 Bradf. 324, 330.)

The Surrogate's Court is a court of equity. (Surr. Ct. Act, § 40; *Matter of Van Buren* v. *Estate of Decker*, 204 App. Div. 138, 140; *Matter of Schummers*, 210 id. 296, 300; affd., 243 N. Y. 548; *Matter of Raymond* v. *Davis*, 248 id. 67 67, 71.)

There is an equitable rule that where a claimant has two funds to which he may resort, both real and personal assets to answer the demand, and another an interest in only one, the last claimant has a right to compel the former to take satisfaction out of that fund on which the second has no lien. (*Olmstead* v. *Latimer*, 9 App. Div. 163, 166; modfd., 158 N. Y. 313; *Halsey* v. *Reed*, 9 Paige, 446, 454; *Johnson* v. *Corbett*, 11 id. 265, 269; *Hauselt* v. *Patterson*, 124 N. Y. 349, 356; *Jenkins* v. *Smith*, 21 Misc. 750, 754; *Matter of Horner*, 149 id. 695, 697; *Fargo* v. *Squiers*, 154 N. Y. 250, 262; *Maynard* v. *Maynard*, 108 Misc. 362, 366; *Rice* v. *Harbeson*, 63 N. Y. 493, 498; *Little Falls National Bank* v. *King*, 53 App. Div. 541, 543, 544; *Ingalls* v. *Morgan*, 10 N. Y. 178, 185; *Matter of Blackinton*, 153 Misc. 580, 583.)

Applying this principle, the estate of Andrew Dell must first resort to the mortgaged property before seeking to have any part of the general estate of George H. Dell applied to the payment of this obligation.

Laura Dell, the wife, joined in both the bond and the mortgage so that the debt became her debt as well as that of her husband, and upon the latter's death the mortgage was no longer upon his estate in the land, for there was none. (*Ring* v. *Woolley*, 155 App. Div. 817, 819; *Geldart* v. *Bank of New York & Trust Company*, 209 id. 581, 583.)

Assuming our courts would not recognize the validity of the California divorce of George H. Dell, then the parties at the time of his death were still tenants by the entirety of the mortgaged property, and being such they were seized *per tout et non per my*, so that upon the death of George H. Dell, Laura Dell acquired nothing which she did not theretofore have; she took no new estate or interest, but merely continued to hold the entire estate freed from participation by George H. Dell. (*Matter of McKelway*, 221 N. Y. 15; *Matter of Klatzl*, 216 id. 83.)

No part of this property, therefore, could be reached by the creditors of George H. Dell, if the California divorce were not

recognized here, and as between the owner of the property upon and after George H. Dell's death and the estate of George H. Dell, the property itself should first satisfy the incumbrance upon it which was the debt of its now sole owner, as well as the debt of George H. Dell.

Even assuming that a right of contribution may have existed in favor of Laura Dell against her husband during their joint lives if she had paid and discharged this mortgage, that right ceased upon his death. (*Geldart* v. *Bank of New York & Trust Company*, 209 App. Div. 581, 583.)

The case of *Matter of Concklin* (150 Misc. 53), while not on all fours with the case in hand because the mortgage there was not due at the time of the application to the court to earmark a portion of the estate's funds for the protection of the mortgagee, the surrogate did lay down rules which ought to govern here.

The expeditious settlement of estates is to be desired and one can conceive of estates of men who had bought and sold much real property, mortgaging it during their ownership or assuming and agreeing to pay existing mortgages thereon, being delayed almost indefinitely in their settlement, if all the holders of mortgages sought unqualified protection through Surrogates' Courts.

A rule of administration will be laid down (*Matter of People* [*Norske Lloyd Ins. Company*], 249 N. Y. 139) that estate representatives will not be directed to set apart any sum for the protection of mortgage holders unless written claim is presented, accompanied by satisfactory proof of likelihood of a deficiency upon foreclosure, and upon the further condition that the mortgagee proceed promptly to establish the deficiency. This rule is not without precedent. (*Matter of Melzak*, 153 Misc. 600, 601, 602.)

Settle order on notice.