**BROIDY v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS., et al.**

Civ. No. 10406.

United States District Court
E. D. New York.
May 10, 1950.

See also 87 F.Supp. 271.

Warner & Birdsall, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, Geo. Stephen Leonard, Maurice Rosenberg, New York City, of counsel, for defendant, State Mut. Life Assur. Co. of Worcester, Mass.

196

Thomas F. Dougherty, New York City, for defendant, First Federal Savings & Loan Ass'n of Hempstead.

GALSTON, District Judge.

This is a motion made by the defendant, State Mutual Life Assurance Company, under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment dismissing the complaint on the grounds that plaintiff is not the proper party to bring the action, and that plaintiff has failed to join an indispensable party; or, in the alternative, for an order, pursuant to Rule 19(b), to stay further proceedings in this action until such time as the plaintiff joins a necessary party.

The complaint sets forth a cause of action seeking reformation of a life insurance policy issued by the defendant insurance company to the defendant bank for the period from March 15, 1948 to and including August 21, 1948, to exclude therefrom, so far as it may apply to the death of the plaintiff's deceased husband, Vinton E. Broidy, the exclusion contained therein limiting the liability of the insurance company on the death of said Broidy while engaged as a pilot flying an Army plane. The complaint sets forth that on or about March 15, 1948 the plaintiff and her late husband, Vinton E. Broidy, purchased certain real estate in Garden City, County of Nassau, State of New York. In connection with the purchase of these premises the plaintiff obtained from the defendant bank a loan of $11,000, which he secured by executing a bond and mortgage on the premises. At the time of the institution of the action there was due upon said bond and mortgage a sum in excess of $10,000. At about the same time the plaintiff and her late husband were told by an agent of the insurance company that it had written a group life insurance policy covering the lives of mortgagors on mortgages held by the defendant bank. In reliance upon the agent's alleged misrepresentations, plaintiff and her husband entered into an agreement to purchase and pay for insurance coverage for Broidy under the group creditors insurance policy. They procured such in-

surance and paid the premiums up to and including August 21, 1948. On that day Broidy was killed flying an Army plane. On the death of Broidy the insurance company refused to pay the sum of $10,000, the amount of the policy, claiming the policy contained a provision excluding any coverage on the lives of persons who were killed while engaged in piloting Army planes. The relief sought by the plaintiff is based on the alleged misrepresentations of the agent.

The basis for this motion is the defendant insurance company's contention that, if it is adjudged that the proceeds of the policy in issue are payable, the ultimate benefit would accrue not to the plaintiff in her individual capacity, but to the general estate of the deceased husband. Therefore, it is contended by the insurance company, a representative of the deceased husband's estate is an indispensable or necessary party plaintiff to this action.

The "Plan of Insurance" in the certificate of participation given the insured provided that, upon due proof of the death of "Debtor"-insured, the principal amount of the outstanding indebtedness, not exceeding $10,000, would be paid to the defendant, First Federal Savings & Loan Association of Hempstead, as the insured's "Creditor".

When the loan was made husband and wife executed the bond and mortgage on the purchased premises as co-obligors.

The deed conveying the premises granted the property to "Vinton E. Broidy and Virginia E. Broidy, his wife". Under the laws of New York, which is the applicable law herein, when an estate is conveyed in one grant to a husband and wife without any words of exception, a tenancy by the entirety is created. Miner v. Brown, 133 N.Y. 308, 311, 31 N.E. 24; Armondi v. Dunham, 221 App.Div. 679, 225 N.Y.S. 87, affirmed 248 N.Y. 603, 162 N.E. 542. on the death of one, the fee vests entirely in the other as the representative of the unified ownership. Matter of Lyon's Estate, 233 N.Y. 208, 135 N.E. 247.

As noted, the group policy provides that upon the death of a participating debt-

or, the insurance proceeds will be paid to the defendant bank, to be applied to discharge the indebtedness of the insured-debtor. Furthermore, also as indicated, the husband was indebted to the defendant bank for the whole amount of the mortgage loan. If the proceeds of the policy are payable, it will mean the loan will be paid off and, as a consequence, not only will the entire estate vest in the plaintiff, but she will take free and clear of the bond and mortgage. It is clear that the husband's purpose in obtaining the policy was to insure payment of the loan in the event of his death before it was paid off. Unquestionably the husband's intent was to benefit the plaintiff, since she was the only person in whom the estate could vest on his death. Therefore, plaintiff was entitled to bring this action as a third party beneficiary. In Seaver v. Ransom, 224 N.Y. 233, at page 238, 120 N.E. 639, at page 640, 2 A.L.R. 1187, in discussing the third party beneficiary principle, the court declared: "The natural and moral duty of the husband * * * to provide for the future of wife or child sustains the action on the contract made for their benefit."

Moreover, since the proceeds under the policy are expressly limited to the insured's indebtedness under the bond and mortgage, there is no likelihood of any balance over which might enure to the benefit of the husband's general estate. In the circumstances it is difficult to believe that the policy was intended for the benefit of possible legatees, devisees or distributees of the husband's estate.

Ordinarily upon the death of a mortgagor, his liability on the bond and mortgage constitutes a charge on his estate. This principle is applicable to a mortgage on an estate by the entirety. First National Bank of Binghamton v. Goodman, 173 Misc. 562, 18 N.Y.S.2d 562. There is an equitable rule in New York that "where a claimant has two funds to which he may resort, both real and personal assets to answer the demand, and another an interest in only one, the last claimant has a right to compel the former to take satis-

faction out of that fund on which the second has no lien." Matter of Dell's Estate, 154 Misc. 216, 219, 276 N.Y.S. 960, 964, and cases cited. Applying this principle here, the mortgagee must first resort to the mortgaged property, which is now vested in the plaintiff, before seeking to have any part of the general estate of the deceased husband applied to the payment of the obligation. Hauselt v. Patterson, 124 N.Y. 349, 26 N.E. 937; Matter of Dell's Estate, supra. So in the event of a default in payment of the loan, foreclosure, sale of the mortgaged premises, and such sale resulting in a deficiency, the balance due on the bond and mortgage would be a charge on the husband's estate. The mortgagee has a provable claim against the estate only if and to the extent that the security proves inadequate; and prior to actual foreclosure of the mortgage such claim is merely contingent and unliquidated. Matter of Weissman's Estate, 140 Misc. 360, 250 N.Y.S. 500. In the instant case, not only is there no showing that the security will prove inadequate, but it does not even appear that foreclosure is likely. Consequently, although the husband's general estate may be regarded as a co-obligor on the mortgage bond, the liability resting on it is contingent and secondary, as well as being separate and indirect.

In the leading case of Shields v. Barrow, 17 How. 130, 58 U.S. 130, 15 L.Ed. 158, indispensable parties were defined as " * * * (3) Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting this interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." 17 How. 130, 58 U.S. 130, 15 L.Ed. 158, 160.

To grant this motion for a summary judgment and dismiss this action would, in effect, prevent or postpone a determination of the rights of a plaintiff who stands to benefit primarily and directly from the policy because of an interest which, at present, is secondary, contingent and unliquidated. Such an interest, it seems, does

198

not fall within the definition set forth in Shields v. Barrow, supra.

In this connection the language of Judge Knox in New England Mutual Life Insurance Co. v. Brandenburg, 8 F.R.D. 151, where he denied a similar motion, is pertinent. There, in an insurer's actions for rescission of life insurance policies on the ground of insured's misrepresentations as to health, the court, in holding that the possibility that surplus might be left for payment to the insured's estate did not make such estate an indispensable party, stated, 8 F.R.D. at page 153: "If the suit is dismissed, a wrong may be done to plaintiff. If the suit continues, a possible wrong may be done to the absent estate. In such a situation, the equities of the parties is the basic consideration."

Then, after quoting the definition of indispensable parties in Shields v. Barrow, supra, the court quoted the following from Parker Rust-Proof Co. v. Western Union Telegraph Co., 2 Cir., 1939, 105 F.2d 976, 979, certiorari denied, 1939, 308 U.S. 597, 60 S.Ct. 128, 84 L.Ed. 500: "The doctrine that one whose interests will be affected, by a decree must be made a party to the suit is an equitable doctrine, and a court of equity should not apply it, we think, where special circumstances would make its application inequitable."

This motion is also for an order to stay the proceedings under Rule 19(b). This rule provides for the joinder of " * * * persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties * * *."

It is clear from the discussion herein that complete relief may be accorded "between those already parties" without joining any representative of the husband's estate. Sauer v. Newhouse, D.C., 1944, 24 F.Supp. 911; Greenleaf v. Safeway Trails, Inc., 2 Cir., 140 F.2d 889, 890, certiorari denied, 1944, 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569.

In view of the foregoing, the motion to dismiss, or in the alternative, for an order staying the proceedings, is denied.